PEOPLE v. WEST.

EMBEZZLEMENT—EVIDENCE—SUFFICIENCY.

On a prosecution for embezzlement, evidence examined, and
*held*, sufficient to sustain a conviction on the ground that
respondent obtained certain corporate stock from the com-
plaining witness as a broker, and not as a purchaser, as claimed
by respondent.

Exceptions before judgment from recorder's court of
Detroit; Phelan, J. Submitted October 18, 1906. (Docket
No. 164.) Decided December 3, 1906.

Hume H. West was convicted of embezzlement. Af-
firmed.

Respondent was convicted of embezzling $1,215 in
money, the property of George Ponthieu. Respondent
advertised himself as a broker, with an office on Griswold
street, in the city of Detroit. Ponthieu was a French
chemist, in the employ of Parke, Davis & Co. Ponthieu
owned 32 shares of the stock of Parke, Davis & Co.,
which he desired to sell. Seeing respondent's advertise-
ment as a broker in a newspaper, he wrote him January
23, 1905, the following letter:

"Mr. H. H. WEST:
"I wish to sell 32 shares of Parke, Davis & Co. stock,
certificate 1661, 20 shares, and certificate 2259, 12 shares,
at $45 a share or offer. Would you advise me in case you
find a buyer, also stating your terms?"

Respondent replied January 24th, as follows:

"I will pay you $45 per share net for your 32 shares.
If this is satisfactory to you, please bring me the certifi-
cates before 10 o'clock tomorrow morning."

Ponthieu made no reply. On the same day at noon
(January 24th) respondent went to Ponthieu's house, and
there told Ponthieu that he had three buyers for the stock,

that it would have to be divided among them, that the purchasers were ready to take it, and that on that understanding he delivered to the respondent the shares evidenced by two certificates. Respondent gave him the following receipt:

"Received of G. Ponthieu certificates 2259 and 1661, representing 32 shares of Parke, Davis & Co. stock. I promise to pay $45 per share net for same."

A witness who was present at the conversation testified that Ponthieu asked respondent when he could dispose of the shares; that respondent replied, "tomorrow," but said, "I cannot send you the money until I have your transfer, but I will send you the money as soon as I have them transferred;" and that respondent promised to "send the money tomorrow," so that he (Ponthieu) would get it early the next day. On the following day (January 25th) respondent wrote Ponthieu, "I will advise you regarding your Parke-Davis stock tomorrow;" and on January 27th he wrote again, "I have not been able up to the present time to get your Parke-Davis stock transferred." When this letter was written, respondent had already sold and transferred certificate No. 2259 for $44.50 per share.

On February 1st respondent sent Ponthieu a check for $225 for five shares, stating that he would "send check for seven shares tomorrow night or Friday," and pay for the balance on Saturday. Before this respondent had sold all of Ponthieu's stock and collected the money. He sold it all at from 25 to 50 cents per share less than $45. Respondent afterwards sent Ponthieu a check for $1,215, the balance of the amount, at $45 per share, but had no money in the bank with which to meet the check. Respondent was a witness in his own behalf, and gave testimony tending to show that he purchased the stock, and was not a broker or agent in selling it.

*Charles Flowers*, for appellant.

*Ormond F. Hunt*, Prosecuting Attorney, and *Walter M. Trevor*, Assistant Prosecuting Attorney, for the people.

GRANT, J. (*after stating the facts*).   1. The chief allegation of error relied on is the refusal of the court to direct a verdict of acquittal.   Counsel for the respondent insists that the relation between Ponthieu and the respondent was that of debtor and creditor, and that the respondent was an unfortunate debtor unable to pay.   His position is that the receipt, given by the respondent when he obtained the stock, was a contract of purchase and sale. A receipt is always subject to explanation by parol.   That the respondent intended to deceive Mr. Ponthieu by giving this receipt, and creating a relation which would relieve him from criminal responsibility, is fully sustained by the evidence.   The jury evidently had no confidence in the truth of respondent's story.   The case was one peculiarly for the jury.   Ponthieu wrote respondent as a broker, dealt with him as a broker, and gave him his stock to sell as a broker.   Respondent immediately sold the stock and appropriated the proceeds to his own use. The people established a clear case of embezzlement.

2. Complaint is made of the language of the attorney for the people in his argument to the jury.   It was severe; but, under the evidence, we are not prepared to say it was not fully deserved.   It furthermore appears that the prosecutor's remarks were made in reply to those of the respondent's attorney, but what those were the record does not disclose.

The conviction is affirmed, and the court directed to proceed to sentence.

CARPENTER, C. J., and McALVAY, BLAIR, and MOORE, JJ., concurred.