PEOPLE *v.* STUART.

1. CRIMINAL LAW—LARCENY BY CONVERSION—EVIDENCE.
   In prosecution for larceny by conversion, trial court under the evidence properly found defendant guilty of larceny by conversion beyond a reasonable doubt.

2. SAME—INDICTMENT AND INFORMATION—CONVICTION ON ONLY ONE COUNT.
   Conviction of defendant, charged with embezzlement or larceny by conversion by information containing eight counts, on .one count only was proper.

3. SAME—LARCENY BY CONVERSION—INTENT—EVIDENCE OF OTHER OFFENSES.
   Evidence of transactions between defendant and various other persons similar to transaction complained of was properly admitted to show intent in prosecution for larceny by conversion.

Appeal from Eaton; McPeek (Russell R.), J. Submitted May 12, 1941. (Docket No. 89, Calendar No. 41,351.) Decided June 30, 1941.

Don W. Stuart was convicted of larceny by conversion. Affirmed.

*Glocheski & Glocheski,* for appellant.

*Herbert J. Rushton,* Attorney General, and *Homer L. Bauer,* Prosecuting Attorney, for the people.

BOYLES, J. Defendant was convicted by the circuit judge of larceny by conversion in a trial without a jury. Defendant appeals on the ground that the trial court erred in finding him guilty, claiming the evidence did not disclose the commission of a crime. Defendant has previously been before this court on a similar charge and conviction, which was reversed. *People* v. *Stuart,* 274 Mich. 246.

The proofs established that complainant first met the defendant when the latter came to see him, representing that he, the defendant, was in the securities business, had heard that complainant had some securities to sell, and wished to dispose of them for him. After several conferences during which defendant claimed he could dispose of some of complainant's bonds at an advantage and obtain more than the regular market value, complainant turned over some bonds to defendant. Defendant claimed he would sell them to certain prospects he named, and from the proceeds would procure and turn over to complainant certain other securities. Defendant did not claim to own the other securities at the time but promised to procure them with the proceeds received from complainant's securities. Among the bonds complainant thus turned over to defendant were two Bankers Trust Company bonds; defendant claimed to know where he could dispose of them to good advantage. The par value of these bonds was

$1,500 and they were represented to be worth at that time around 75 or 80 per cent. of par. Defendant claims he was to deliver "gas royalties" to complainant, and there was some confusion as to whether this meant Consumers Power gas stock, gas units, or royalties. However, defendant at no time either had or acquired any such gas stock, units, or royalties, and never made any offer or tender thereof to complainant. At one time during the subsequent long-drawn-out efforts of complainant to obtain something for the securities he turned over to defendant, it was agreed that defendant's liability amounted to about $1,000. Defendant offered complainant a postdated check for $928, stating there were no funds in the bank to take care of the check but probably would be later. Complainant declined to accept the check. Defendant gave complainant repeated assurances that in his dealing with certain other parties he would soon have securities to deliver to complainant, or the money to pay up. For the entire securities which complainant turned over to defendant to dispose of, having a market value of around $1,500, complainant received one share of light stock valued at $100, $162.50 cash, and what was claimed to be a dividend check for $14.40. It is conceded that defendant disposed of the securities turned over to him by complainant and did not tender or deliver to complainant the securities he promised to procure and deliver in exchange. No testimony was offered on the part of the defendant.

Under the evidence, the trial court properly adjudged defendant guilty of larceny by conversion beyond a reasonable doubt. *People* v. *West,* 146 Mich. 537; *People* v. *Thorne,* 148 Mich. 203; *People* v. *McHugh,* 286 Mich. 336. The information con-

tained eight counts, variously charging defendant with embezzlement and with larceny by conversion. Defendant was properly convicted on one count only. Evidence was received of bond transactions between defendant and various other persons similar to the one complained of, to show intent. It was properly admitted. *People* v. *Stuart, supra.*

Conviction affirmed.

SHARPE, C. J., and BUSHNELL, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred. McALLISTER, J., took no part in this decision.