**UNITED STATES of America,**
**Plaintiff,**

v.

**Ronald Earl BLATTEL, Defendant.**
**No. 71-Cr-14-CR.**

United States District Court,
N. D. Iowa,
Cedar Rapids Division.
March 1, 1972.

Evan L. Hultman, U. S. Atty., Sioux City, Iowa, for plaintiff.

Brent G. Harstad, Cedar Rapids, Iowa, for defendant.

ORDER

McMANUS, Chief Judge.

This matter is before the court on defendant's motion for judgment of acquittal made at the close of all the evidence, on which the court reserved its ruling, and renewed on January 31, 1972, after a jury verdict of guilty on January 25, 1972. Resistance was filed February 11, 1972.

Defendant was charged in a one count indictment with wiretapping in violation of 18 U.S.C. § 2511(1) (a) which states:

> . . . any person who . . . willfully intercepts [or] endeavors to intercept . . . any wire . . . communication . . .

shall be guilty of an offense against the United States. The term "wire communication" is defined in 18 U.S.C. § 2510(1) as:

> any communication made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable, or other like connection between the point of origin and the point of reception furnished or operated by any person *engaged as a common carrier in providing or operating such facilities for the transmission of interstate or foreign communications.* [emphasis added].

The basis for defendant's motion is that plaintiff failed to prove two essential elements of the crime: (1) that Northwestern Bell Telephone Company is a "common carrier," and (2) that it is engaged in "providing or operating . . . facilities for the transmission of interstate or foreign communications."

The record is devoid of testimony that Northwestern Bell is either a common carrier or engaged in interstate or foreign communications. In its resistance plaintiff contends, however, that these are not essential elements and, in the alternative, (for the first time) requests the court to take judicial notice of these facts, if they are elements of the crime. Plaintiff's request for judicial notice

comes 17 days after the verdict. The court did not take notice *sua sponte* during the trial.

 Research has failed to disclose any case law on whether the component parts of the definition of "wire communication" are elements of the crime. Therefore, the statute must be construed by the court.[1] The legislative history of the statute discloses that its major purpose was to combat organized crime.[2] Section 2511(1) (a) and its history indicate that Congress intended a "blanket prohibition against the interception of any wire communication." [3] However, Congress seemed to limit "wire communication" to include only communications carried by a common carrier through our Nation's communications network. Congressional and Administrative News, *supra*, p. 2178. The coverage was intended to be comprehensive, but it clearly refers only to communications sent through the facilities of a communication common carrier. The statute does not extend to any person not

> engaged as a common carrier in providing or operating . . . facilities for the transmission of interstate or foreign communications. Section 2510(1).

Therefore, the court is of the view that "wire communication" as defined in the statute must be proved in order to sustain a conviction. In effect, (1) common carrier and (2) providing or operating facilities for the transmission of interstate or foreign communications are essential elements of the crime.

In its resistance requesting the court to now take judicial notice of these facts concerning Northwestern Bell, the government relies heavily on Gold v. United States, 378 F.2d 588 (9th Cir. 1967).

However, in *Gold* the government made its request for judicial notice during the trial, unlike here. There the defendant had an opportunity to present information which might bear on the propriety of noticing the fact, or upon the truth of the matter to be noticed. *See,* McCormick, § 330.

 Whether on its own motion or otherwise, where judicial notice is taken, the jury must be instructed that they are to accept the fact noticed as true. McCormick, *supra*; Rule 201, Proposed Rules of Evidence, 51 F.R.D. 315, 330 (1971). As mentioned, plaintiff's request for judicial notice was not made until 17 days after the verdict. Because of plaintiff's belated request, the court is of the view that to take judicial notice of the requested facts concerning Northwestern Bell would be unfair, even though they may be true. *See,* Wigmore, § 2568, Note 1, 1970 supplement.

 Rule 29(a), FRCrP, in providing for motions for judgment of aquittal states that such a motion should be granted after the evidence on either side is closed if the evidence is insufficient to sustain a conviction for the offense charged. Cartwright v. United States, 335 F.2d 919 (10th Cir. 1964). It is well established that the government has the burden of proving every essential element of the offense charged. Wright, Federal Practice and Procedure, § 403; Orfield, Criminal Procedure Under the Federal Rules, § 26:67. And if there is failure to prove an essential element, defendant is entitled to acquittal. McKenzie v. United States, 266 F.2d 524 (10th Cir. 1959). When these standards are applied to this case, it is clear that plaintiff had failed to prove every essential element when defendant's motion

---

1. Title III of the Omnibus Crime Control and Safe Streets Act of 1968.

2. U.S. Code Congressional and Administrative News, 1968, p. 2157.

3. Subparagraph (a) establishes a blanket prohibition against the interception of any wire communication. Since the facilities used to transmit wire communications form part of the interstate or foreign communications network, Congress has plenary power under the commerce clause to prohibit all interception of such communications, whether by wiretapping or otherwise. (Weiss v. United States, 308 U.S. 321, 60 S.Ct. 269, 84 L.Ed. 298 (1939)). U.S.Code Congressional and Administrative News, 1968, p. 2180.

was made. Under these circumstances, the court has a duty to acquit defendant. Cephus v. United States, 117 U.S.App. D.C. 15, 324 F.2d 893 (1963); 17 A.L.R. 910, 53 Am.Jur. Trial § 418.

It is therefore ordered.

Defendant is acquitted.