**UNITED STATES of America**

v.

**Vernon L. COCKERILL.**

**No. S–Cr–73–34.**

United States District Court,
S. D. Illinois, S. D.

Dec. 5, 1973.

Jay Geller and Thomas Brett, Dept. of Justice, Food, Drug and Cosmetic Div., Washington, D. C., Donald B. Mackay, U. S. Atty., Springfield, Ill., for the United States.

James R. Phelps, Burditt & Calkins, Chicago, Ill., James Reilly (Foreman, Rammelkamp, Bradney, Hall & Dahman), Jacksonville, Ill., for defendant.

## MEMORANDUM OPINION

HARLINGTON WOOD, Jr., District Judge.

The Defendant, Vernon L. Cockerill, D.V.M., was charged and tried pursuant to an eight count information alleging violations of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 331(a). At the conclusion of the Government's case, the Court granted the Defendant's Motion for a Judgment of Acquittal made pursuant to Rule 29 of the Federal Rules of Criminal Procedure, as to Counts I, II, V, VI, VII, and VIII, but denied the motion as to Counts III and IV. The Motion was renewed at the close of all the evidence as to Counts III and IV and the Court reserved its decision. The case was then submitted to the jury which found the Defendant guilty of the violations charged in Counts III and IV.

On a Motion for a Judgment of Acquittal, the sole duty of the trial judge is to determine whether substantial evidence taken in the light most favorable to the Government tends to show the Defendant is guilty beyond a reasonable doubt. United States v. McCall, 148 U.S.App.D.C. 444, 460 F.2d 952 (1972), United States v. Andrews, 431 F.2d 952 (5th Cir. 1970).

It is also well settled that the Court must not permit the jury to rely on conjecture or speculation in arriving at their decision. In referring to the test which must be applied by the trial judge in considering whether the evidence has proven guilt beyond a reasonable doubt, the Court of Appeals for the District of Columbia Circuit stated:

"Should the judge determine that prudent jurors might have no such doubt, or might disagree as to its existence, the matter lies within the jury's province and the motion must be denied. But, very importantly,

'Guilt, according to a basic principle in our jurisprudence, must be established beyond a reasonable doubt. And, unless that result is possible on the evidence, the judge must not let the jury act; he must not let it act on what would necessarily be only surmise and conjecture, without evidence.'"

Bailey v. United States, 135 U.S.App. D.C. 95, 416 F.2d 1110, 1113 (1969) quoting Cooper v. United States, 94 U.S.App.D.C. 343, 218 F.2d 39, 42 (1954).

The relevant instruction given in the present case, No. 20, is as follows:

"In order to find the defendant guilty on either count, you must find beyond a reasonable doubt for that count:

"1. . . .
"2. . . .
"3. . . .
"4. . . .
"5. . . .

"6. That the defendant, Vernon L. Cockerill, D.V.M., was not acting within the scope of his licensed practice as a veterinarian, when he

shipped the drug in interstate commerce."

In addition, Instruction No. 21 was given as follows:

"You are instructed that, although not licensed in Georgia, the defendant did not violate that state's law if you find that the drug was shipped there for bona fide research."

 Both of these instructions were given without objection by the Government. The second instruction leaves the matter of veterinary practice incomplete. There were no objections made by the Government to any of the instructions as given nor did the Government object to any instructions offered by the Government and not given. All instructions given or not given met with the approval of both parties. The instructions quoted above were the standard by which the jury was required to weigh the case against the Defendant on the element of veterinary practice. There was, in fact, no proof whatsoever on this one essential element; what constituted the practice of veterinary medicine in Georgia or Illinois? For present purposes there is no need to determine whether the law of Georgia or Illinois applies to the present situation since there was no proof as to the law of either state. If there is a failure to prove an essential element, the Defendant is entitled to an acquittal. United States v. Blattel, 340 F.Supp. 1140 (N. D.Iowa 1972).

In its memorandum in opposition, the Government asserts:

"There is no need to dwell at length on the various facets of veterinary medicine that constitute the practice of veterinary medicine since the acts performed by Dr. Cockerill in Georgia are so universally within the scope of the practice of veterinary medicine that the jury was afforded a full factual basis for making a determination as to whether defendant was or was not engaged in the licensed practice of veterinary medicine in connection with the Bismuth Premix referred to in Counts III and IV." (p. 3)

 The Government's contention is not well taken. The practice of veterinary medicine in the States of Illinois and Georgia is defined by the statutes of these states. Collins v. Texas, 223 U.S. 288, 296, 32 S.Ct. 286, 56 L.Ed. 439 (1912) (opinion of Holmes, J.) There was no request by either party to take judicial notice of the applicable statutes and none was taken. An attempt by the Government to have the Court take judicial notice of the applicable statutes after the verdict is inappropriate, nor do discussions during the trial with counsel in chambers about the law on this subject serve to instruct the jury in its deliberations.

It is clear that the jury received no evidence as to the law of Georgia or Illinois nor was the jury instructed by the Court as to the law in either jurisdiction except to the limited extent noted above. The jury received no evidence as to this essential element of the offense.

There is no need to decide issues raised by the Defendant as to Count IV of the Information dealing with labeling. The Court's decision on this issue makes it unnecessary to reach the labeling issue.

*Conclusion:*

The Government has failed to prove all the elements of the offense charged in both Counts III and IV of the information in that it failed to prove what constituted the practice of veterinary medicine in Illinois or Georgia.

WHEREFORE:

The Defendant's Motion for a Judgment of Acquittal as to Counts III and IV of the information against him made pursuant to Rule 29 of the Federal Rules of Criminal Procedure, coming on for hearing, the Court being briefed and fully advised in the premises, is hereby Granted. The Defendant is discharged.