SMITH-DOUGLASS, DIVISION OF BORDEN CHEMICAL v WALCH

1. TRIAL—THEORY OF CASE—JURY—EVIDENCE.

    Each party's theory of the case must be presented to the jury if there is evidence to support it.

2. PRINCIPAL AND AGENT—SALES—INSTRUCTIONS.

    Without instructions covering the applicable rules of agency the jury could not be presumed to correctly apply the law to an apparent agency relationship between plaintiff and another corporation where plaintiff's theory in an action for the amount due on the sale of material was that the other corporation was its agent and sold material on its behalf.

3. NEW TRIAL—INSTRUCTIONS—LEGAL ISSUE—TESTIMONY.

    A new trial may be ordered where the record is completely silent as to *any* instruction on the controlling legal issue supported by the testimony presented to the jury.

4. MOTIONS—NEW TRIAL—JUDGMENT NOTWITHSTANDING VERDICT— COURT RULES—DIRECTED VERDICT.

    A motion for a new trial could not be deemed to include a motion for judgment notwithstanding the verdict as stated in a court rule because a motion for directed verdict is a prerequisite to a motion for judgment notwithstanding the verdict and no request was made in the trial court for a directed verdict (GCR 1963, 515.2).

Appeal from Court of Appeals, Division 3, R. B. Burns, P. J., and Holbrook and Danhof, JJ., reversing and remanding Newaygo, Harold Van Domelen, J. Submitted December 5, 1973. (No. 5 December Term 1973, Docket No. 54,628.) Decided February 27, 1974.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 626, 627.
[2] 47 Am Jur 2d, Jury § 325.
[3] 58 Am Jur 2d, New Trial §§ 125, 128.
[4] 58 Am Jur 2d, New Trial § 1.

47 Mich App 624 reversed.

Complaint by Smith-Douglass, Division of Borden Chemical against Desmer Walch for the amount due on the sale of material. Judgment for defendant. Plaintiff appealed to the Court of Appeals. Reversed and remanded. Defendant appeals. Reversed and remanded for a new trial.

*Vander Veen, Freihofer & Cook, P. C.* (by *William J. Fisher),* for plaintiff.

*Frederick D. McDonald,* for defendant.

T. M. KAVANAGH, C. J. In an opinion, Docket #12661, November 29, 1972, the Court of Appeals reversed a jury verdict of no cause of action in the instant case, and granted judgment *n.o.v.* in favor of the plaintiff in the amount of $2,464.80. We granted leave to determine the correctness of such action.

Smith-Douglass Division of Borden Chemical is in the business of manufacturing and selling types of fertilizer for use by farmers in raising crops. It markets its products through warehouses, who store Smith-Douglass products and sell them for Smith-Douglass. In return, the warehousers receive a fee for this service. Cook & Hager, Inc. is a warehouser in Fremont, Michigan and has an agreement with Smith-Douglass to store and sell Smith-Douglass fertilizer for Smith-Douglass.

Desmer Walch is a farmer in Newaygo County, Michigan. He originally purchased $3,556 worth of Smith-Douglass fertilizer from its warehouseman, Cook & Hager, but made no payment. Smith-Douglass brought suit against defendant for the above amount, plus interest. Appellant defended by claiming a set off for returned products to Cook &

Hager in the amount of $1091.20 and also asserted that he had never contracted with Smith-Douglass, that his only dealings were with Cook & Hager, and he therefore was not obligated to Smith-Douglass in any manner.

Testimony was produced at trial establishing the above facts, including the fact that appellant had never personally dealt with Smith-Douglass. The judge instructed the jury as follows:

"On the other hand, it is the claim of the defendant that he never did any business dealings with the plaintiff in any manner whatsoever. It is his further claim that he did receive certain fertilizers and chemicals but he received them from Cook & Hager and received nothing from the plaintiff. * * * Defendant claims credit for these items claimed in the amount of $1,091.20. * * *

" * * * In this case it is alleged by the plaintiff, actually, that there was a contract made between the plaintiff and the defendant for the delivery of certain goods and merchandise. A contract is an agreement upon sufficient consideration to do or not to do a particular thing. In this case it is the claim of the plaintiff, and the plaintiff has the burden of proving that there was a contract for the delivery of fertilizer and chemicals and that plaintiff did deliver the same."

This charge was not objected to by plaintiff. The case was submitted to the jury without further instructions as to the law applicable to the facts presented in the case. Each party's theory of the case must be presented to the jury if there is evidence to support it. Plaintiff's theory was that Cook & Hager was its agent and sold the material on its behalf. No instructions, however, covering the applicable rules of agency were given. Without such instructions the jury could not be presumed to correctly apply the law to this apparent agency

relationship between Smith-Douglass and Cook & Hager.

In *Hunt v Deming,* 375 Mich 581, 585; 134 NW2d 662 (1965), this Court stated:

"Plaintiffs point to language in prior cases, for example, *Jorgensen v. Howland* (1949), 325 Mich 440 [38 NW2d 906], in support of their claimed right to assert on appeal error in jury instruction notwithstanding their failure timely to object in the trial court. It suffices to note that those cases were decided before the explicit requirement of GCR 1963, 516.2 was promulgated.

"This is not to say that this Court may not, in unusual circumstances, and to prevent manifest injustice, take note of instructions which err with respect to basic and controlling issues in a case even though objection thereto was not made before the jury retired. See 2 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed 1963), p 567. It is to say, however, that the Court will exercise its discretion in this fashion but sparingly. To do otherwise would be to encourage counsel to maintain silence in the face of correctable erroneous instructions, hoarding their objections for use in the event of an unfavorable jury verdict. The course of expeditious justice is furthered by requiring that such objections be made while time yet remains to set the record straight."

Where, however, the record is completely silent as to *any* instruction on the controlling legal issue supported by the testimony presented to the jury, a new trial may be ordered.

The record discloses that, although a motion for a new trial was made in the trial court, no motion for a directed verdict was ever made during the course of the trial. As the Court of Appeals ruled in *Gardner v Batsakes,* 13 Mich App 454, 456; 164 NW2d 707 (1968).

"Under our court rules a motion for a directed ver-

dict is a prerequisite to a motion for judgment notwithstanding the verdict. GCR 1963, 515.2."

Without such motion for a directed verdict having been made below, the motion for a new trial encompassed no more than the name implies, a motion for a new trial. It could not be deemed to include a motion for judgment *n.o.v.* as stated in GCR 1963, 515.2.

Accordingly, it was error for the Court of Appeals to grant judgment *n.o.v.* in this case, no request for same having been made in the trial court.

The Court of Appeals is reversed and new trial granted. The case is remanded to the trial court for further proceedings consistent with this opinion.

T. G. KAVANAGH, SWAINSON, WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred with T. M. KAVANAGH, C. J.

J. W. FITZGERALD, J. did not sit in this case.