PEOPLE v McGHEE

1. Criminal Law—Instructions to Jury—Sufficiency of Instructions—Essential Ingredients of Crime.

Instructions to the jury in a criminal trial which include a reading of the information and the applicable statutes will generally be found to be sufficiently comprehensive to explain the essential ingredients of the crime charged.

2. Criminal Law—Instructions to Jury—Felony Murder—Underlying Felony—Fair Trial.

The test to determine whether a case requires reversal is not whether there are some irregularities, but whether the defendant had a fair trial, and an instruction to the jury on felony murder which did not include an instruction on the underlying felony of robbery does not require reversal where there was no question that a robbery had taken place and that the security guard at the scene of the robbery was found strangled and shot.

Appeal from Wayne, Michael L. Stacey, J. Submitted December 3, 1975, at Detroit. (Docket No. 22028.) Decided January 26, 1976. Leave to appeal denied, 396 Mich 861.

Larry McGhee was convicted of murder in the perpetration or attempted perpetration of a robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and

---

References for Points in Headnotes

[1, 2] 75 Am Jur 2d, Trial §§ 713, 715, 716.
Duty in instructing jury in criminal prosecution to explain and define offense charged. 169 ALR 315.

[2] 40 Am Jur 2d, Homicide §§ 498, 506, 534, 535.

*Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Robert R. Mallory (Carl Ziemba,* of counsel), for defendant on appeal.

Before: J. H. GILLIS, P. J., and ALLEN and M. J. KELLY, JJ.

ALLEN, J. Defendant and his brother, Lewis Cecil McGhee, were charged in a one-count information with murder in the perpetration or attempted perpetration of a robbery, MCLA 750.316; MSA 28.548. Prior to trial, Lewis pleaded guilty to manslaughter. Defendant was tried by jury, found guilty of the offense charged, and sentence to life imprisonment. He appeals of right.

Ronald Jason, the deceased, was employed as a store detective at the Hughes & Hatcher clothing store in Lincoln Park. At 5:07 p.m. Sunday, May 5, 1974, the employee last to leave the store delivered a cash drawer to Jason and helped him place the money into a box which, according to the store procedure, Jason would then have taken to the store safe on the balcony. When, at 6 p.m., the closing signal for the store had not been received by the central alarm agency, two store officials proceeded to the store. Upon entering the store they found empty cash drawers in disarray. They proceeded to the balcony room which housed the store safe, and found the body of the deceased lying face up, a pool of blood on the floor, a scrape diagonally across the face. On the floor next to the safe lay two or three empty cash drawers. The county medical examiner who performed the autopsy testified he found deceased's hands tied behind his back, a tie wound around his neck and two gunshot wounds. Cause of death was given as

multiple gunshot wounds and strangulation. Powder burns about the neck indicated the shots had been fired at close range. An audit constructed from the week-end sale slips determined the store loss to be about $5,455.15.

Both defendant and his brother took the stand. Each blamed the other for the homicide and each claimed the other had entered the store with intent to rob. Neither witness contested the fact that the store was robbed or that Ronald Jason was shot during the robbery. On appeal, defense counsel assigns three errors, two of which we reject for the reasons footnoted below.[1] The remaining allegation of error is significant and deserves special comment.

In instructing the jury as to the offense charged, the trial judge read the information and quoted verbatim the felony-murder statute.[2] That was all.

_____

[1] (1) Failure of the trial court to *sua sponte* instruct on the defendant's theory of the case as required by GCR 1963, 516.7 which became effective April 14, 1970. An identical argument was made and rejected in *People v Bates,* 55 Mich App 1, 5; 222 NW2d 6 (1974), where this court held that a trial court "is obligated to present to the jury the defendant's theory of the case, but this duty arises 'if a proper request is made and supported by competent testimony'." *Smith-Douglass v Walch,* 391 Mich 201, 203; 215 NW2d 142 (1974), cited by appellant as mandating a *sua sponte* instruction in a civil case involving technical relationships of agency law.

(2) Ten instances of prosecutorial error in summation to the jury during which the prosecutor (a) vouched for the veracity of certain witnesses, (b) personally testified, and (c) seriously misrepresented the testimony. We have examined the record and conclude that as to (a) the prosecutor's comments were not attempts to use his office to vouch for the witnesses' veracity; as to (c) the prosecutor was permissibly arguing the evidence adduced at trial or reasonable inferences to be drawn therefrom; that as to (b) all of the so-called "prosecutorial testimony" was record-supported except the statement that Mr. Love had psychiatric care. This statement, while not supported by the testimony, does not appear to be erroneous to the point of warranting reversal since a curative instruction would have dispelled the prejudice. We further note that no objection was raised or a curative instruction requested as to any of the ten alleged errors.

[2] "Now, in this case, it has been charged by the People as follows: That on the 5th of May, 1974, Larry McGhee, while in the perpetra-

At no point did the court define for the jury the essential elements of the underlying felony—robbery—nor did the court define murder or what was meant by the phrase "and a killing as a result thereof". Appellate counsel for defendant forcefully and eloquently argues that despite the lack of objection by trial counsel, the omission of the essential elements of the underlying felony left the jury without guide or benchmark as to what had to be proven beyond a reasonable doubt before a verdict of guilty could be returned. Citing *People v MacPherson,* 323 Mich 438; 35 NW2d 376 (1949), and selected Federal decisions,[3] defendant contends that where the court fails to instruct on an essential element of the case, reversible error is committed. The omission to fully charge, appellant counsel says, constitutes an inadequate instruction on an essential ingredient of the crime which demands reversal even though no objection to the charge was found. We do not agree.

We perceive the charge not as one which totally

---

tion or attempted perpetration of a robbery, did kill and murder one Ronald Jason, contrary to Section 750.316, MCLA 1968.

"To that charge the defendant has pleaded not guilty, and that presents the issue which you are to decide.

\* \* \*

"The statute involved insofar as it is material reads as follows:

" 'All murder which shall be perpetrated by means of poison or laying in wait or any other kind of wilful, deliberate and premeditated killing, and which shall be committed in the perpetration or attempt to perpetrate any arson, rape or robbery, burglary, larceny of any kind, extortion or kidnapping, shall be murder.'

"Now the elements: 1, that there has to be either arson, rape, robbery, burglary, larceny of any kind, extortion or kidnapping, or attempted larceny, rape or robbery, burglary, larceny of any kind, extortion or kidnapping, and a killing as a result thereof."

[3] *Screws v United States,* 325 US 91; 65 S Ct 1031; 89 L Ed 1495 (1945), *United States v Williams,* 150 US App DC 122; 463 F2d 958 (1972), *United States v Industrial Laboratories Co,* 456 F2d 908 (CA 10, 1972), *Scruggs v United States,* 450 F2d 359 (CA 8, 1971), *United States v Cockerill,* 366 F Supp 856 (SD Ill, 1973).

omits an essential ingredient of the crime with which defendant is charged but, rather, as one wherein the issue involved is whether the ingredients were *adequately* explained. The trial court did read the statute under which defendant was charged. The issue presented is whether, given the circumstances in this case, this charge was adequate. It has been repeatedly stated that a charge which includes a reading of the information and the applicable statutes will generally be found to be sufficiently comprehensive. *People v Kruper,* 340 Mich 114; 64 NW2d 629 (1954), *People v Murry* 59 Mich App 555; 229 NW2d 845 (1975), *People v Wheat,* 55 Mich App 559; 223 NW2d 73 (1974), *People v Fry,* 55 Mich App 18; 222 NW2d 14 (1974), *People v Cardenas,* 21 Mich App 636; 176 NW2d 447 (1970).

However, none of these cases dealt with a felony-murder charge. It was not until *People v Skowronski,* 61 Mich App 71; 232 NW2d 306 (1975), that Michigan spoke to the issue. There, defendant was charged with felony murder in connection with an attempted robbery. The trial judge instructed on felony murder, MCLA 750.316; MSA 28.548, but did not instruct as to the underlying felony of attempted robbery. On this issue the Court stated:

"*The test to determine whether a case requires reversal is not whether there are some irregularities, but whether defendant had a fair trial. People v Smith,* 363 Mich 157; 108 NW2d 751 (1961). *While no one of the errors we will discuss may in itself be reversible,* the totality of the errors compels a conclusion defendant was denied a fair trial and requires that we remand for a new trial.

"1. The trial court did not instruct the jury regarding the elements of the felony charged, attempted robbery. Our Supreme Court has said that '[w]here the language

defining an offense can be understood by a person of ordinary intelligence, it is not necessary for the court to define or explain it', *People v Cabassa,* 249 Mich 543, 549; 229 NW 442, 445 (1930). While it may be argued that *attempted robbery* is easily understandable to the layman, this Court's attempt to define the elements of 'attempt' and 'robbery' (as distinguished from 'preparation' and 'larceny', for example) belie such an argument. *Cf. People v McGuire,* 39 Mich App 308; 197 NW2d 469 (1972), *People v Lamson,* 22 Mich App 365, 372; 177 NW2d 204 (1970). The trial court must instruct the jury as to all the essential elements of the crime. *People v Hooper,* 50 Mich App 186; 212 NW2d 786 (1973). Something more *was required here* than a bald statement of the felony charged." 61 Mich App 71, 77. (Emphasis supplied.)

The above language from *Skowronski* motivates this panel to conclude that in the case before us nothing more was required in the charge to the jury than was given by the trial court. *Skowronski* stated that no one of the several errors found therein would necessarily demand reversal. Given the undisputed testimony that a robbery had taken place at the clothing store and that the employee guard was found strangled and shot, we cannot conceive that in any significant way the jury was misled as to what they should find proven beyond a reasonable doubt. There is no question as to *what* offense was committed but only which of the brothers McGhee did it. In reality, the issue was who was fibber McGhee. As has been stated so many times before and restated in *Skowronski,* the test of reversible error is not whether there is an irregularity but whether defendant had a fair trial. Given the facts of the present case, we fully believe defendant did.

Our decision is supported by the recent opinion in *People v Jones,* 66 Mich App 223; 238 NW2d 813

(1975). There, the trial court failed to instruct as to the elements of the underlying felony in a felony-murder case. On appeal, a panel of this Court said:

"Defendants first argue that it was improper for the trial judge to fail to instruct the jury on the elements of the underlying felony, robbery, on which the felony-murder charge was based. We disagree. At trial, as summarized in the statement of the facts above, the testimony establishing an attempted robbery was undisputed. All of the pertinent witnesses testified that defendants entered the store, pulled guns, and announced a holdup. The defense theory was solely one of misidentification. In those circumstances, the following rule applies:

"'The sole controversy in the case was over *who* committed the crime charged. Absent a request to charge or objection to the charge, we rule it was not reversible error to charge the jury in accord with the defendant's theory of defense.' *People v Bohm,* 49 Mich App 244, 255; 212 NW2d 61 (1973).

"The instruction given was perfectly proper." (Footnote omitted.)

Although this Court does not share the position of the *Jones* Court that the instruction was "perfectly proper" we do believe it was adequate.

Our decision in this case should not be interpreted as sustaining a similar jury charge in all felony-murder cases. We hold only that on the facts in the present case the charge, although abbreviated, adequately communicated to the jury a sufficient guide to enable it to determine the defendant's guilt or innocence. We note that the proposed standard jury instructions in criminal trials, currently before the Supreme Court, would require the trial judge to instruct the jury as to the elements of the underlying felony in a case

involving felony murder.[4] Because we foresee future cases where the facts will not be so clear, or where the occurrence of the felony charged will be disputed or where distinctions between larceny, robbery and the receipt of stolen goods becomes an issue, we strongly suggest that in future felony-murder cases, the trial court not only cite the statute, MCLA 750.316; MSA 28.548 and its elements, but in addition describe the elements comprising the underlying felony. In this manner, unnecessary appeals will be minimized. Legal precedent for suggesting a change in jury instructions in trials occurring from this time forth is found in *People v Sullivan,* 392 Mich 324, 342; 220 NW2d 441 (1974).

Affirmed.

---

[4] Proposed Criminal Jury Instructions, Final Draft, Vol IV, Part I, § A-1(a), p 875:

"Fourth, that at the time of the *[state felony/specific act]* which caused the death of *(deceased)* the defendant was committing [attempting to commit/or assist another in the commission of] the crime of *(state enumerated felony).* For the crime of *(state enumerated felony),* the prosecution must prove each of the following elements beyond a reasonable doubt: *state elements from felony charged)."*