## PEOPLE v BROWNING

Docket No. 51206. Submitted February 11, 1981, at Detroit.—Decided May 20, 1981.

Charles Browning was convicted of first-degree felony murder, Detroit Recorder's Court, Geraldine B. Ford, J. He appeals by leave granted, alleging that the trial court erred in denying his motion to suppress evidence of his prior misdemeanor convictions, in permitting testimony regarding his prior similar acts, in admitting photographs of the victim into evidence, in failing to give a limiting instruction regarding certain photographic evidence, in admitting certain expert testimony, in denying his motion for dismissal, in instructing the jury, and in denying his pretrial motion for appointment of defense experts at public expense. *Held:*

1. Defendant's previous misdemeanor convictions involved theft and dishonesty, and evidence thereof was properly admitted by the trial court.

2. The trial court properly admitted testimony regarding defendant's similar acts to impeach a res gestae witness.

3. Photographs of the victim were properly admitted into

---

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 29 Am Jur 2d, Evidence § 327.

    81 Am Jur 2d, Witnesses § 580.

    Construction and application of Rule 609(a) of Federal Rules of Evidence permitting impeachment of witness by evidence of prior conviction of crime. 39 ALR Fed 570.

    Impeachment by evidence of conviction of crime. 31 L Ed 2d 374.

[4] 29 Am Jur 2d, Evidence §§ 785-787.

    30 Am Jur 2d, Evidence § 1105.

[5] 29 Am Jur 2d, Evidence §§ 818, 825, 826.

[6, 10] 5 Am Jur 2d, Appeal and Error § 553.

[7] 20 Am Jur 2d, Courts § 236.

    29 Am Jur 2d, Evidence § 370.

    Constitutional questions raised by blood grouping tests. 46 ALR2d 1013.

[8] 30 Am Jur 2d, Evidence §§ 1170-1172.

[9] 30 Am Jur 2d, Evidence § 1125.

    75 Am Jur 2d, Trial § 847.

[10] 40 Am Jur 2d, Homicide §§ 72, 483.

[11] 31 Am Jur 2d, Expert and Opinion Evidence § 19.

evidence as being substantially necessary or instructive upon a material fact.

4. Defendant made no request during trial for a limiting instruction to the jury regarding the photographic evidence and, thus, failed to preserve the issue for review.

5. Defendant's contention that tests conducted by the prosecution's experts are not generally recognized in the scientific community was not raised during trial and, thus, is not preserved for review. However, even if admission of the results of the tests constituted error, such error was harmless in light of the weak nature of the testimony.

6. Defendant's allegation of error in the trial court's admission of blood-type evidence for the purpose of including him in a class of possible perpetrators of the crime was not preserved for review. However, if reviewed, no error would be found.

7. The record reveals that evidence presented by the prosecution would support a reasonable inference that the underlying felony had been committed and that defendant was guilty thereof. The trial court properly denied defendant's motion for dismissal.

8. The trial court's instructions on circumstantial evidence were sufficient.

9. The trial court erred in failing to instruct the jury on the law of attempt, but the error was harmless as there was no question that the underlying felony was completed and the only issue was the identity of the person who committed the crime.

10. The trial court properly denied defendant's pretrial motion for appointment of defense experts at public expense. The record reveals that defendant was given a full and sufficient opportunity to examine the qualifications of the prosecution's expert witnesses and the basis for their testimony, and no showing was made that the results of their tests were in error or that the test procedures were inadequate.

Affirmed.

1. EVIDENCE — CRIMINAL LAW — WITNESSES — IMPEACHMENT — PRIOR CONVICTIONS — RULES OF EVIDENCE.

Evidence that a witness has been convicted of a crime may be elicited from the witness for the purpose of attacking his credibility where the crime was punishable by death or imprisonment in excess of one year or involved theft, dishonesty, or false statement and in the determination of the trial court its probative value on the issue of credibility outweighs its prejudicial effect (MRE 609).

2. Evidence — Criminal Law — Witnesses — Prior Convictions — Rules of Evidence — Retroactivity.

   The rule of evidence which requires a trial court to articulate on the record the factors it considered in determining whether to admit evidence of a witness's prior crimes should not be applied retroactively (MRE 609).

3. Evidence — Criminal Law — Similar Acts — Res Gestae Witnesses — Impeachment — Rules of Evidence — Statutes.

   Evidence that a defendant in a criminal case committed an act similar to that on which a charge against him is based may not be admitted under the provisions of the similar acts statute where his motive, intent, or lack thereof, mistake or accident on his part, or his scheme, plan, or system in doing an act is not material, but, such evidence may be admitted to impeach the testimony of a res gestae witness (MCL 767.40a, 768.27; MSA 28.980[1], 28.1050; MRE 607).

4. Evidence — Criminal Law — Photographs of Victims.

   A photograph of the victim of a crime may be admitted into evidence by a trial court in its discretion where the photograph is substantially necessary or instructive to show material facts or conditions and is not merely calculated to excite passion and prejudice.

5. Evidence — Criminal Law — Scientific Opinion Evidence.

   The results of microscopic comparison of hair samples may be admitted as scientific opinion evidence in a criminal case.

6. Appeal — Preserving Question.

   The Court of Appeals will not review an issue on appeal where a defendant has failed to object in the trial court absent a finding of manifest injustice.

7. Criminal Law — Evidence — Blood Types — New Rule of Law.

   An opinion of the Court of Appeals which held that testimony regarding blood types used to place a defendant in a population group of possible perpetrators of a crime should be excluded because of its low probative value when weighed against its possible ability to confuse, mislead, or otherwise improperly influence a jury, should not be given retroactive application where previously such testimony had been accepted and was in wide-spread use and where to give the new rule retroactive application may have a significant adverse effect upon the administration of justice.

8. Evidence — Criminal Law — Due Process — Sufficiency of
     Evidence.

> Due process requires that in order to convict a criminal defen-
> dant sufficient evidence must be introduced which could justify
> a trier of fact in reasonably concluding that the defendant is
> guilty beyond a reasonable doubt.

9. Evidence — Criminal Law — Circumstantial Evidence — Jury
     Instructions.

> A trial court in a criminal case is not required to instruct the
> jury regarding the use of circumstantial evidence where the
> case does not depend entirely on circumstantial evidence.

10. Homicide — Felony Murder — Law of Attempt — Jury In-
     structions.

> Failure of a trial court to instruct a jury, *sua sponte,* on the law
> of attempt in a prosecution for felony murder does not consti-
> tute error requiring reversal where the defendant did not
> object to such failure during trial, there was no question that
> the underlying felony was committed, and the only question
> concerned the identity of the person who committed the felony.

11. Criminal Law — Appointment of Experts.

> A trial court in a criminal case, in its discretion, may deny a
> defendant's request for the appointment of experts to conduct
> certain tests at public expense absent a showing that the
> results of similar tests conducted by the prosecution's experts
> were in error or that the testing procedures were inadequate.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *Robert J. Shieko,*
Assistant Prosecuting Attorney, for the people.

*Bolden & Blake, P.C.,* for defendant on appeal.

Before: M. J. Kelly, P.J., and V. J. Brennan
and T. M. Burns, JJ.

T. M. Burns, J. Defendant comes before this
Court on a delayed appeal and challenges a De-
cember 18, 1978, jury verdict convicting him of
first-degree felony murder. MCL 750.316; MSA

28.548. On January 11, 1979, he was sentenced to a term of life imprisonment. We affirm defendant's conviction.

In the early morning hours of July 3, 1978, firefighters, responding to a fire alarm in a Detroit apartment, discovered the partially burned body of a woman. A subsequent investigation disclosed that her hands and feet had been tied with an electrical cord, that her head had been covered by plastic or pantyhose, and that an electrical cord had been tightly wrapped around her neck. The assistant county medical examiner, who later examined the body of the decedent, listed the cause of her death as "multiple blunt force injury to the head". He testified during trial that the decedent had type "A" negative blood and that a vaginal swab showed the presence of sperm in such a condition as to indicate that she had had sexual intercourse within the 12 hours prior to her death.

Evidence was introduced which indicated that although an odor of gasoline was not detected in the room where the body was discovered, Apartment 109, the smell of gasoline was found in the rear bedroom of Apartment 106, just down the hallway from Apartment 109. The rear bedroom of Apartment 106 had been partially burned, and the fire in that room, as well as the fire in Apartment 109, had been deliberately set.

On the day that the body was found, defendant was taken into custody by police on the pretext that they wanted him to identify some jewelry. He was later charged with the murder of the decedent.

The evidence introduced by the prosecutor at trial primarily consisted of comparisons of blood and hair samplings taken from the decedent and defendant and found in Apartment 106, evidence

that defendant lived in Apartment 106 at the time of the trial, evidence that a pair of pants seized by the police from the apartment of defendant's girlfriend contained the presence of gasoline, and circumstantial evidence concerning defendant's whereabouts in a time period surrounding the crime and his access to the stick of wood that the prosecutor claimed was the instrument with which the decedent had been beaten to death.

Defendant interposed an alibi defense at trial. He testified that he first heard of the fire at his apartment and of the death of the decedent in a telephone call from his mother on the morning that the fire was discovered. He had spent the previous night at his girlfriend's apartment. He identified the pair of blue jeans on which the police had found gasoline as his own; however, he stated that the gasoline had gotten on them while he was doing carburetor work on his car. Although the defendant knew the decedent, she lived in the same apartment building as defendant, he denied ever hitting her or sexually assaulting her.

Following his conviction by the jury, defendant filed a motion for a new trial which was denied by the lower court on April 7, 1980. Defendant now appeals, and we affirm.

Defendant first argues that the trial judge improperly exercised her discretion in denying defendant's motion to suppress evidence of his prior misdemeanor convictions that involved theft and dishonesty.

MRE 609 provides that for the purpose of attacking the credibility of any witness, evidence that he has been convicted of a crime may be elicited from him if: (1) the crime was punishable by death or imprisonment in excess of one year or it involved theft, dishonesty, or false statement,

regardless of punishment and (2) the trial judge determines that the probative value of the impeaching evidence on the issue of credibility outweighs its prejudicial effect. Defendant's prior two convictions were for unlawfully driving away an automobile and larceny over $100. The prosecutor noted that the trial judge had discretion to admit evidence of these misdemeanors but contended that they were admissible for impeachment purposes because they involved theft and dishonesty. The trial judge agreed and denied defendant's motion to suppress.

We find no error in the trial judge's ruling. The judge recognized her discretion in this matter and found that the prejudicial nature of this evidence did not outweigh its probative effect. Our review of the record does not convince us that the trial judge abused her discretion. *People v Jones,* 98 Mich App 421; 296 NW2d 268 (1980), *People v Worden,* 91 Mich App 666; 284 NW2d 159 (1979), *People v Roberson,* 90 Mich App 196; 282 NW2d 280 (1979). The recent amendment to MRE 609 requiring a trial judge to articulate on the record the factors considered when making a determination as to whether evidence of prior crimes is admissible was not in effect at the time of defendant's trial. Therefore, it is sufficient that the trial judge in this case recognized her discretion to admit the impeaching evidence under the provisions of MRE 609 as it stood on the date of defendant's trial.

Defendant next argues that the trial judge erred in permitting the prosecutor to question his girlfriend regarding whether defendant had assaulted her with the murder weapon on the day before the murder. Although we agree with defendant that this evidence was not admissible under the similar

acts statute, MCL 768.27; MSA 28.1050, it was admissible to impeach his girlfriend because she was a res gestae witness whom the prosecutor was obligated to call at trial. MCL 767.40a; MSA 28.980(1); MRE 607. Defendant's girlfriend denied during trial that defendant had ever threatened her; therefore, it was proper to impeach her by reference to her prior inconsistent statement.

We are not persuaded by defendant's argument that the trial judge abused her discretion in permitting the prosecutor to introduce at trial certain photographs showing the body of the decedent. The law regarding admission of photographs at criminal trials was summarized by this Court in *People v Sullivan,* 97 Mich App 488, 492; 296 NW2d 81 (1980):

"The admission of photographs of victims of crime is committed to the discretion of the trial court. *People v Eddington,* 387 Mich 551; 198 NW2d 297 (1972). The issue to be addressed in the admission of photographic evidence is whether the photograph is substantially necessary or instructive to show material facts or conditions or is merely calculated to excite passion and prejudice. *People v Falkner,* 389 Mich 682, 685; 209 NW2d 193 (1973)."

This test, which requires the photographs "to be substantially necessary or instructive" upon a material fact before being admissible, is nearly identical to that enunciated by our Supreme Court in *People v Becker,* 300 Mich 562, 565; 2 NW2d 503 (1942), where that Court held that, "[t]he general rule upon the admissibility of this kind of evidence is that it is admissible if helpful in throwing light upon any material point in issue".

Defendant argues that the photographs in this case were not used to settle a fact in dispute

because defense counsel did not content that they showed that the victim had pantyhose on her legs. However, our review of the record discloses that defense counsel raised the issue of a prosecution witness's credibility in his questioning of that witness regarding whether the victim was wearing pantyhose. The photographs had bearing on this issue and were properly admitted by the trial judge. Further, inasmuch as defendant made no request for a limiting instruction to the jury on the photographs, his contention that the trial judge erred in failing to give one has not been preserved for our review. *People v Barker,* 97 Mich App 253; 293 NW2d 787 (1980).

Defendant next contends that the trial judge erred in admitting certain expert testimony regarding gas chromatography and vacuum distillation analysis of his clothing and analysis of microscopic hair comparisons because there was no specific showing that these scientific tests were generally recognized. The trial record reflects that defendant did not object in any respect to the testimony of the witness who analyzed his pants and found the presence of gasoline. The record also indicates that defendant's only objection to the witness who testified regarding the hair comparisons was that the witness was not an expert in that field. Thus, the objection that defendant now raises to this testimony, that is, that these tests are not generally recognized in the scientific community, was not asserted below. Therefore, it has been waived. MRE 103(a)(1).

We note, however, that this Court previously has recognized that microscopic hair analysis may be a recognized scientific field. *People v Watkins,* 78 Mich App 89; 259 NW2d 381 (1977). Further, such evidence has been held admissible in the

Federal courts. *United States v Cyphers,* 553 F2d 1064 (CA 7, 1977). Finally, even if the lower court erred in admitting the gas chromatography evidence, any error was harmless only in view of the fact that the testimony itself was very weak (four tests were required to be done on defendant's pants before detecting a slight amount of gasoline vapor) and because defendant admitted that he had been working on an automobile and may have wiped a small amount of gasoline on his pants.

Similarly, defendant has not preserved for review his argument that the trial judge erred in admitting blood-type evidence that included him in the class of possible perpetrators of this offense. Defendant did not object to this testimony at trial and as a result this issue has not been preserved absent manifest injustice. *People v Stinson,* 88 Mich App 672; 278 NW2d 715 (1979).

Even if we were to review this issue, we would decline to find error. Although this Court has held that blood-type evidence such as that objected to here has no probative value, *People v Sturdivant,* 91 Mich App 128; 283 NW2d 669 (1979), it has refused to give that holding retroactive application. *People v White,* 102 Mich App 156; 301 NW2d 837 (1980).

Defendant's argument that the lower court erred in denying his motion to dismiss on the ground that the evidence was insufficient to support the verdict of first-degree felony murder because there was no direct or circumstantial evidence supporting the finding that defendant was guilty of the underlying felony is completely without merit. The evidence presented by the prosecutor during trial relating to the presence of sperm on the body of the decedent when coupled with evidence concerning the condition of the decedent's body would

support a reasonable inference that the victim had been raped.

This inference was bolstered by testimony of a witness that defendant had told her that a woman had been raped and killed and burned beyond recognition in his apartment building. Defendant claimed to have obtained this information over the telephone from his mother despite the fact that the police officers who had approached defendant's mother about getting in touch with defendant never told her that there was a possibility that the decedent had been raped. Thus, the evidence, when taken in a light most favorable to the prosecutor, establishes that defendant was in possession of certain information about the decedent that had never been generally released to the public by the police. The evidence, *in toto,* was sufficient under the test promulgated by our Supreme Court in *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), to justify a jury in reasonably concluding that defendant was guilty beyond a reasonable doubt of the underlying felony of rape.

Defendant next raises several issues concerning the trial judge's instruction to the jury. He first argues that the trial judge erred in not giving a requested instruction to the jury on how they should evaluate mixed direct and circumstantial evidence, CJI 3:1:10(6)(B), and in not giving the jury an instruction on pure circumstantial evidence, CJI 4:2:01.

Contrary to defendant's claims, it cannot be inferred from the record that defense counsel requested an instruction on pure circumstantial evidence, CJI 4:2:01. Therefore, it was not error for the trial judge to fail to give this instruction. Further, there was some direct evidence of defendant's guilt in this case and, therefore, the "pure

circumstantial evidence" instruction of CJI 4:2:01 was not appropriate here.

The trial judge substantially instructed the jury with regard to CJI 3:1:10, failing to give only subpart (6)(B) of that standard jury instruction. In *People v Corbett,* 97 Mich App 438; 296 NW2d 64 (1980), this Court noted that where a case does not depend entirely upon circumstantial evidence, no instruction on the use of circumstantial evidence is required. Assuming that defendant's conviction was based entirely upon circumstantial evidence, an instruction requiring the prosecutor to negate every reasonable theory of innocence was effectively incorporated into the instruction requiring that the jury find the defendant guilty beyond a reasonable doubt. Read as a whole, the instructions on circumstantial evidence given in this case were sufficient.

Although the record supports defendant's claim that the trial judge did not instruct the jury, *sua sponte,* on the law of attempt, we do not believe that this fact requires reversal of defendant's conviction under *People v Horton,* 99 Mich App 40; 297 NW2d 857 (1980). Unlike *Horton,* the present case does not involve an additional charge on the underlying felony. In *Horton,* the jury verdicts were inconsistent in that they found the defendant there guilty of felony murder but acquitted him of criminal sexual conduct. On appeal, the prosecutor argued that the verdicts could be reconciled by assuming that the jury convicted defendant of felony murder after finding him guilty of attempted rape. However, as this Court noted in its opinion, that reason was faulty because the jury was never instructed on the law of attempt.

Defendant did not object to the trial judge's failure to instruct the jury on the law of attempt

in this case. Further, there was strong evidence in this case that the victim was, in fact, raped and no evidence to support a conclusion that there was a mere attempt to rape her. Therefore, we find that this case is controlled by *People v McGhee,* 67 Mich App 12; 239 NW2d 741 (1976). In that case, the defendant was charged with and convicted of felony murder arising out of the occurrence of a robbery. On appeal to this Court, the defendant's conviction was affirmed, even though the trial judge had not defined the elements of the crime of robbery to the jury, because there was no question in the case that a robbery had taken place. Similarly, in this case, there is no question but that the decedent was raped. As in *McGhee,* the only question in this case concerns the identity of the assailant. The failure of the trial judge to define attempt to the jury constituted harmless error only.

Defendant's final argument in this appeal is that he was denied a fair trial because the trial judge denied his pretrial motion for appointment of an investigator, a forensic chemist, and a pathologist at public expense. We find no error.

Defendant does not argue that the tests conducted by the prosecutor's experts were faulty or that the experts reached the wrong conclusions. Further, the record reflects that defendant was given a full and sufficient opportunity to examine both the qualifications of the prosecutor's witnesses and the bases for their testimony. Absent some showing that the test results reached by the prosecutor's expert witnesses were in error or that the testing procedures were inadequate, the trial judge did not abuse her discretion in denying defendant's request for the appointment of experts to conduct similar tests.

We have examined all issues raised by defendant in this appeal and find that none of them merits reversal.

Defendant's conviction is affirmed.