*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHRISTOPHER JOSEPH BERAK,

        Defendant-Appellant.

UNPUBLISHED
September 2, 2021

No. 352328
Oakland Circuit Court
LC No. 2018-266276-FC

Before: LETICA, P.J., and SERVITTO and M. J. KELLY, JJ.

LETICA, P.J. (*concurring*).

I agree with the majority except as to its suggestion that the prosecution was required to call another witness in place of Deputy Overall's son to identify Deputy Overall as the peace officer who was killed. To the contrary, "[t]here is no rule requiring the prosecution to use only the least prejudicial evidence per se to establish facts at issue." *People v Fisher*, 449 Mich 441, 452; 537 NW2d 577 (1995). And a party, including a prosecutor, " 'is entitled to hit as hard as he can above, but not below, the belt.' " *People v Vasher*, 449 Mich 494, 501; 537 NW2d 168 (1995), quoting *State v Rollo*, 221 Or 428, 438; 351 P2d 422 (1960). Although the prosecutor's open-ended question to the deceased's adult son about "briefly" describing his father was not laser-focused on the elements of the charged offenses, there was no objection and defendant has not shown plain error occurred in light of the trial court's instruction that the jury not base its decision on sympathy—an instruction the jury is presumed to have followed. *People v Unger*, 278 Mich App 210, 237; 749 NW2d 272 (2008); *People v Watson*, 245 Mich App 572, 586, 591-592; 629 NW2d 411 (2001). Indeed, it is hardly surprising that a son looks up to his father or that a long-time public servant like Deputy Overall wanted to help people in their time of need and assist them with solving their problems. Moreover, the record does not reflect an emotional breakdown or outburst from Deputy Overall's son that had the potential to prejudice defendant's right to a fair trial. Instead, Deputy Overall's son's testimony was brief. It included the admission of an in-life photograph and relevant testimony that Deputy Overall was on-duty and died from his injuries. MRE 401; *People v Browning*, 106 Mich App 516, 523-524; 308 NW2d 264 (1981); *People v Sullivan*, 97 Mich App 488, 492; 296 NW2d 81 (1980). It consumed just twelve pages in a trial

that lasted ten days with the parties largely battling over defendant's intent and premeditation. How Deputy Overall's brutal, bloody death played out in real life was certainly compelling, but the prosecution was not required to sanitize it by calling a less gripping witness than his son to testify. *Fisher*, 449 Mich at 452.


/s/ Anica Letica