PEOPLE *v.* STUART.

1. CRIMINAL LAW—GENERAL DETERMINATION OF TRIAL COURT SITTING WITHOUT JURY.

General determination of trial court, sitting without a jury, that defendant was "guilty as charged" on information charging embezzlement and larceny by conversion in separate counts *held,* no more than a general verdict and invalid for failure to specify on which count it was founded (Act No. 328, §§ 174, 362, Pub. Acts 1931).

2. SAME—GENERAL VERDICT—FAILURE TO SPECIFY COUNT ON WHICH BASED.

General verdict of guilty, without specifying count or offense on which founded is invalid where there are several counts, each of which charges a separate and distinct offense of a nature and character radically different from that in other counts and having no necessary connection.

3. SAME—GENERAL VERDICT—PROBATIONARY SENTENCE—INDICTMENT AND INFORMATION.

Under information containing counts based on embezzlement and larceny by conversion as set forth in Act No. 328, §§ 174, 362, Pub. Acts 1931, finding of trial court that accused was "guilty as charged" and probationary sentence of two years *held,* a mistrial, since the essential elements of the two crimes are different and defendant has a right to know and have a proper record made of the exact offense of which he was convicted.

4. SAME—EMBEZZLEMENT—LARCENY BY CONVERSION—PRELIMINARY EXAMINATION—EVIDENCE.

Contention that prosecution for embezzlement and larceny by conversion should have been dismissed because of lack of sufficient testimony before examining magistrate *held,* without merit (Act No. 328, §§ 174, 362, Pub. Acts 1931).

5. Same—Intent—Evidence of Other Offenses.

In prosecution for embezzlement and larceny by conversion, testimony tending to show transactions of like character in which defendant participated *held*, competent on question of intent, an essential element of offenses charged (3 Comp. Laws 1929, § 17320; Act No. 328, §§ 174, 362, Pub. Acts 1931).

Appeal from Clinton; Searl (Kelly S.), J. Submitted October 30, 1935. (Docket No. 143, Calendar No. 38,309.) Decided January 6, 1936.

Don W. Stuart was convicted and given a probationary sentence on an information charging embezzlement and larceny by conversion. Reversed and new trial granted.

*George E. Nichols,* for appellant.

*Harry S. Toy,* Attorney General, *Edmund E. Shepherd,* Assistant Attorney General, *Charles Austin,* Prosecuting Attorney, and *George E. Hunter,* Special Assistant Prosecuting Attorney, for the people.

North, C. J. Don W. Stuart was tried before the circuit judge without a jury under an information which in separate counts charged defendant with having committed the crime of embezzlement contrary to the provisions of Act No. 328, § 174, Pub. Acts 1931 (Michigan Penal Code), and also of having committed larceny in violation of section 362 of the same act. At the conclusion of the testimony the circuit judge stated in an opinion rendered by him: "The verdict is that the respondent is guilty as charged." Thereupon defendant was placed on probation for two years or until the further order of the court. Defendant has appealed.

Appellant complains that, notwithstanding he was charged with two separate and distinct offenses, the record does not disclose of which offense he was convicted. Embezzlement (section 174) is punishable by a maximum commitment of 10 years; but larceny by conversion (section 362) carries a maximum commitment of only five years. The essential elements of these two statutory offenses are different. It is a matter of right that defendant should have knowledge and have a proper record made of the exact offense of which he was convicted. Under the probationary sentence imposed defendant would be held constructively in the custody of the court for a period of two years without having been convicted of any specific offense. The general determination of the trial court that defendant was "guilty as charged" was no more than a general verdict.

"A general verdict of guilty, without specifying the count or offense on which it is founded, is invalid where there are several counts, each of which charges a separate and distinct offense, of a nature and character radically different from that in the other counts, and having no necessary connection." 16 C. J. p. 1105. See, also, numerous cases cited in notes.

While some authority to the contrary can be found, the decidedly prevalent and better rule is that above stated. The error pointed out resulted in a mistrial.

Appellant's contention that the prosecution should have been dismissed because of lack of sufficient testimony before the examining magistrate is without merit. Also we are of the opinion that appellant has no just reason to complain because the trial court received testimony tending to show trans-

actions of like character in which defendant participated. Intent was an essential element of the prosecution in the instant case and the testimony was properly received. 3 Comp. Laws 1929, § 17320.

The judgment and sentence of the court are vacated and a new trial granted.

Fead, Wiest, Butzel, Bushnell, Edward M. Sharpe, and Potter, JJ., concurred. Toy, J., did not sit.