PEOPLE v. JACKSON

1. LARCENY—IN A BUILDING—SIMPLE LARCENY—LEGISLATIVE INTENT.
   The legislature has determined that larceny in a building
   presents a social problem separate and apart from simple
   larceny and that all larcenies in a building deserve felony
   status without regard to the value of the items taken, and
   it is clearly within the discretion of the legislature to dis-
   tinguish simple larceny and larceny in a building as separate
   social evils (MCLA §§ 750.360, 750.356).

2. LARCENY—IN A BUILDING—SIMPLE LARCENY—DISCRETION.
   The decision to charge a defendant with the felony of larceny
   in a building instead of the misdemeanor of larceny of goods
   of a value of $100 or less where he would be guilty under
   either statute is in the sound discretion of the prosecuting
   attorney (MCLA §§ 750.360, 750.356).

Appeal from Macomb, Frank E. Jeannette, J.
Submitted Division 2 December 14, 1970, at Lan-
sing. (Docket No. 8619.) Decided January 21,
1971.

Ollie Jackson was convicted of larceny in a build-
ing. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*
Prosecuting Attorney, *Thaddeus F. Hamera,* Chief

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 50 Am Jur 2d, Larceny § 49.
   Larceny of real property or things savoring of real property. 131
   ALR 146.

Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*Irving W. Goldsmith (Stuart L. Young,* of counsel), for defendant on appeal.

Before: BRONSON, P. J., and R. B. BURNS and HOFF,* JJ.

R. B. BURNS, J. Defendant, convicted by a jury of larceny in a building (MCLA § 750.360 [Stat Ann 1954 Rev § 28.592]), was sentenced to a prison term of two to four years. Undisputed testimony established that defendant entered a retail store, put on a leather jacket valued at $55.95, put his own coat over the leather jacket, and was subsequently arrested attempting to leave the store. Defendant admits his theft of the jacket but claims he was charged and convicted of the wrong crime. Defendant contends that the legislature enacted MCLA § 750.356 (Stat Ann 1970 Cum Supp § 28.588), which makes larceny a misdemeanor when the stolen property is valued at $100 or less, to soften the harshness of the larceny-in-a-building offense, *supra,* which makes all larceny a felony. Defendant argues that the conviction under the felony offense of larceny, when the stolen property is valued at $100 or less, is contrary to legislative intent. We do not accept defendant's interpretation.

Defendant would be guilty under either of the larceny statutes. The legislature has obviously decided that larceny in a building presents a social problem separate and apart from simple larceny and that all larcenies in a building, value being irrelevant, deserve felony status. See *Black* v. *Gladden* (1964), 237 Or 631 (393 P2d 190).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The decision to charge the defendant with the felony instead of a misdemeanor is in the sound discretion of the prosecuting attorney. *People* v. *Lombardo* (1942), 301 Mich 451; *People* v. *Birmingham* (1968), 13 Mich App 402; *People* v. *Eineder* (1969), 16 Mich App 270.

Defendant's arguments that the felony-larceny statute is vague and uncertain and that he was denied equal protection of the laws are without merit. It is clearly within the discretion of the legislature to distinguish simple larceny and larceny in a building as separate social evils.

Defendant's further argument that the prison term constitutes cruel and unusual punishment is also meritless. The prison term given defendant is not so disproportionate to the crime as to shock the conscience of this Court.

Affirmed.

All concurred.