PEOPLE v MIDGYETT

1. LARCENY—IN A BUILDING—EVIDENCE—PHOTOGRAPHS—ADMISSIBIL-
   ITY.

   Photographs, like other kinds of demonstrative evidence, gener-
   ally are admissible if they are helpful in illuminating any
   material point in issue; therefore, photographs that supple-
   mented the testimony of a store detective in a trial for larceny
   in a building and that were illustrative of the size of the box
   and what kind of merchandise was taken were properly admit-
   ted.

2. LARCENY—IN A BUILDING—ELEMENT OF OFFENSE—VALUE—SPECU-
   LATION BY JURY—PREJUDICE.

   Value of the merchandise is not an element of the offense of
   larceny in a building; therefore, even if a jury speculated as to
   value, it was not prejudicial.

3. CRIMINAL LAW—SENTENCES—JUVENILE RECORD.

   A defendant's juvenile record may properly be considered in the
   sentencing process by the sentencing judge.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—INCLUDED OFFENSES.

   A trial court did not err in failing to instruct *sua sponte* on lesser
   included offenses where defendant did not request such an
   instruction, there was no indication that the defense relied
   upon any theory of attempt nor did the evidence support that
   theory, and the trial court did not affirmatively move to limit
   the jury's consideration of lesser included offenses.

Appeal from Recorder's Court of Detroit, Henry
Heading, J. Submitted Division 1 June 5, 1973, at

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur 2d, Larceny §§ 49, 151.
[2] 50 Am Jur 2d, Larceny §§ 9–54, 139.
[3] 47 Am Jur 2d, Juveniles Courts and Delinquent and Dependent
   Children §§ 29, 32, 33.
[4] 53 Am Jur, Trial §§ 286, 796–802.

Detroit. (Docket No. 14447.) Decided September 26, 1973.

Norman Midgyett was convicted of larceny in a building. Defendant appeals. Affirmed, with minimum sentence modified.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*George C. Dovas,* for defendant on appeal.

Before: BRONSON, P. J., and V. J. BRENNAN and WALSH,* JJ.

BRONSON, P. J. Defendant, Norman Midgyett, was tried before a jury for the offense of larceny in a building. MCLA 750.360; MSA 28.592. He was convicted on February 29, 1972 and was sentenced on March 16, 1972 to a term of from 3-1/2 to 4 years in the Southern Michigan Prison. Defendant's appeal is by right.

The offense occurred shortly prior to Christmas in 1971. On December 10, 1971 the defendant was observed by the security personnel of the Sears Roebuck store on Gratiot Avenue in Detroit. Defendant was noticed walking down an aisle with what appeared to be an empty shopping bag. Defendant entered the toy department, walked over to a shelf containing model trains and placed one box containing a train set in the bag. The bag did not conceal the box.

On attempting to leave the store, the accused bypassed a cashier. The store security personnel

---

* Circuit judge, sitting on the Court of Appeals by assignment.

gave chase and apprehended the defendant in the adjacent shoe department. The box containing the train set was not produced at trial, but three Polaroid pictures, purporting to depict the same train set, were admitted into evidence.[1] Defendant did not take the stand. His defense was that he was merely taking the train set to another register to pay for it when he was arrested by security personnel.

Defendant's first claim of error can be stated simply:

"Whether photographs may be introduced in lieu of the actual pilfered train set without allowing the jury to speculate unnecessarily as to the contents and value of the pictured train set."

The photos here were illustrative of the size of the box and what kind of merchandise it was. The photos supplemented the testimony of the store detective in detail. The trial judge properly limited the purpose for which the photographs were admitted. In general photographs, like other kinds of demonstrative evidence, are admissible if they are helpful in illuminating any material point in issue. *People v Brannon,* 14 Mich App 690, 692; 165 NW2d 903, 905 (1968). Since the photographs were admissible in all respects, it was up to the court to decide whether their probative value outweighed any prejudice to the accused. This he did. It was not error to admit them. Value of the merchandise is not an element of the offense larceny in a building.[2] Therefore, even if the jury did speculate as to value, it is not prejudicial.

Defendant claims the trial court improperly uti-

[1] The defendant at trial agreed to admission of the photos for some purposes but it is unclear whether objection to nonproduction of the train set and/or the box containing the train set was made.

[2] *People v Jackson,* 29 Mich App 654; 185 NW2d 608 (1971).

lized his juvenile record in sentencing. The juvenile record may properly be considered in the sentencing process by the sentencing judge. See *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973).

Defendant next claims that the court's failure to instruct *sua sponte* on lesser included offenses was error. There was no request for such an instruction by the defendant. Furthermore there is no indication that the defense relied upon any theory of attempt nor did the evidence support that theory. Additionally the trial judge did not affirmatively move to limit the jury's consideration of lesser included offenses. We find no error. See *People v Lemmons,* 384 Mich 1; 178 NW2d 496 (1970), and *People v Membres,* 34 Mich App 224; 191 NW2d 66 (1971).

We have carefully considered defendant's remaining allegations of error and based upon our review of the record and briefs find no reversible error.

Defendant's minimum sentence exceeds the guidelines of *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972). The issue has been properly preserved, *People v Montgomery,* 43 Mich App 205; 204 NW2d 82 (1972).

Pursuant to GCR 1963, 820.1(7) defendant's minimum sentence of 3-1/2 years is hereby set aside and corrected to 2 years and 8 months.

Conviction affirmed with modification of minimum sentence.

All concurred.