PEOPLE v PAUL MATHIS

1. Criminal Law—Instructions to Jury—Evidence—Admissibility
   —Witnesses—Impeachment—Prior Inconsistent Testimony
   —Limiting Instructions—Prejudice.

   Failure to give an instruction *sua sponte* that prior inconsistent
   testimony was admitted solely for impeachment purposes is not
   reversible error where there is no request for a limiting in-
   struction, there is no demonstration or likelihood of prejudice,
   and neither the court nor the prosecutor has suggested to the
   jury that the prior inconsistent statement could be used as
   substantive evidence.

2. Witnesses—Character Witnesses—Cross-Examination—Prose-
   cutor's Questions—Prior Convictions—Objections.

   Allowing a prosecutor to ask a character witness whether she had
   considered the fact that defendant had previously been con-
   victed of an attempted breaking and entering was not reversi-
   ble error where no objection was made, where the defendant
   had previously admitted the conviction on cross-examination
   without objection to the question, and where the defendant
   testified on redirect examination that he had been convicted of
   the offense some 16 years before.

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted Division 1 June 25, 1974, at
Detroit. (Docket No. 16762.) Decided October 7,
1974.

Paul C. Mathis was convicted of second-degree
murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*

References for Points in Headnotes
[1] 75 Am Jur 2d, Trial § 601.
[2] 75 Am Jur 2d, Trial § 194.

Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *James M. Wouczyna,* Assistant Prosecuting Attorney, for the people.

Paul C. Mathis, *in propria persona.*

Before: BASHARA, P. J., and DANHOF and CHURCHILL,* JJ.

CHURCHILL, J. The defendant was charged with first-degree murder. MCLA 750.316; MSA 28.548. After trial in which the jury was unable to agree he was retried and convicted of second-degree murder by another jury on November 4, 1971. MCLA 750.317; MSA 28.549. He was sentenced to a prison term of 14 to 30 years.

Defendant appeals as of right. He makes several claims of error but only two of them merit discussion.

The defendant sought to impeach a witness called by the prosecutor by introduction of the witness's prior inconsistent testimony given at the preliminary examination. He claims as error on appeal the trial judge's failure to give an instruction that the prior inconsistent testimony was admitted solely for impeachment purposes, notwithstanding the lack of request for such an instruction.

In *People v Eagger,* 4 Mich App 449; 145 NW2d 221 (1966), and in *People v Lamson,* 22 Mich App 365; 177 NW2d 204 (1970), this Court, relying on *People v Durkee,* 369 Mich 618; 120 NW2d 729 (1963), ruled that the failure of the trial court to give such an instruction *sua sponte* is reversible error.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

A rule which makes an error of omission by the trial judge an automatic ground for a new trial notwithstanding approval of the omission by defense counsel and without any showing of a likelihood that the defendant was prejudiced by the omission, not only takes away the initiative to make a proper request, but may actually encourage a contrary practice.[1] Such a rule puts a heavy and unrealistic burden on the trial judge to immediately recognize a few words of testimony as deserving of special comment to the jury, then or later, and to remember to do so, even though the prior inconsistent testimony or statement may seem of little significance at the time.

In this case we could simply determine that the rule does not apply because the defendant and not the prosecutor introduced the prior inconsistent testimony—but to delineate an exception to the rule is to recognize its validity. We believe the rule announced in *Eagger* and *Lamson* deserves reexamination.

In *People v Nemeth,* 258 Mich 682; 242 NW 808 (1932), it was held that the trial court's failure to give a requested instruction limiting the use of evidence of the prior inconsistent statement was reversible error. In *People v Durkee,* 369 Mich 618; 120 NW2d 729 (1963), the trial judge made a remark in front of the jury which indicated support of the theory that the jury could consider the prior inconsistent statement as substantive evidence. The Supreme Court observed that under the circumstances of the trial it was not only

---

[1] "Counsel cannot sit back and harbor error to be used as an appellate parachute in the event of a jury failure." *People v Brocato,* 17 Mich App 277, 305; 169 NW2d 483, 497 (1969).

"As this Court has stated before, counsel may not sit back in ambush, later to entrap the opposite party on a procedure to which he previously agreed." *People v Johnson,* 53 Mich App 329, 336; 220 NW2d 65, 69 (1974).

possible but probable that the jury considered the evidence of the prior inconsistent statement as substantive evidence of guilt or innocence.

Neither *Nemeth* nor *Durkee* requires the automatic reversal rule announced in *Eagger* and *Lamson*. Where, as in the case at bar, there is no request for a limiting instruction, where there is no demonstration or likelihood of prejudice and where neither the court nor the prosecutor has suggested to the jury that the prior inconsistent statement could be used as substantive evidence, the trial judge's omission does not require a reversal.

The defendant also claims reversible error was committed when the prosecutor asked a character witness whether she had considered the fact that defendant had previously been convicted of an attempted breaking and entering.

The defendant testified. On cross-examination, and without objection to the question, he admitted the prior conviction. On redirect examination the defendant testified that he had been convicted of the offense some 16 years before, when he was 17 or 18 years old. Thereafter, the defendant called a character witness to the defendant's reputation. On cross-examination, the following questions and answers appear on the record:

"*Q.* Did you include within your opinion the fact that he had been convicted of attempted B & E?

"*A.* I knew the time that he was convicted of that [*sic*].

"*Q.* And that did not affect your opinion of him?

"*A.* No, it didn't."

Again, no objection was made by defendant.

We find no error here. See *People v Huff,* 173 Mich 620; 139 NW 1033 (1913); *People v Rosa,*

268 Mich 462; 256 NW 483 (1934); *People v Dorrikas,* 354 Mich 303; 92 NW2d 305 (1958); and *People v Basemore,* 36 Mich App 256; 193 NW2d 335 (1971).

We do not determine whether the *Brocato-Peabody-James-Falkner*[2] line of cases culminating in *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), holding that the trial court has discretion concerning the admission of evidence of prior convictions applies in this situation, because the trial court here was not called upon to exercise discretion.

Finally, we note that the trial court gave a careful instruction limiting consideration of the prior conviction to the defendant's credibility as a witness.

We have considered the other allegations of error raised by defendant and find no reversible error.

Affirmed.

BASHARA, P. J., concurred.

DANHOF, J., concurred in the result only.

---

[2] *People v Brocato, supra,* fn 1, *People v Peabody,* 37 Mich App 87; 194 NW2d 532 (1971), *People v James,* 36 Mich App 550; 194 NW2d 57 (1971), *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973).