·PEOPLE v GUNNE (ON REHEARING)

EVIDENCE—WITNESSES—IMPEACHMENT—PRIOR INCONSISTENT STATE-
    MENTS—FOUNDATIONAL QUESTIONS—REFUSAL TO ANSWER—
    RIGHT AGAINST SELF-INCRIMINATION.

> Prior inconsistent statements of a witness may be introduced into
> evidence for purposes of impeachment even though the witness
> has asserted his Fifth Amendment rights and refused to answer
> foundational questions; the requirement of asking foundational
> questions is to avoid surprising the witness to be impeached,
> which purpose is accomplished once the questions are posed,
> and if the evidence sought to be introduced is otherwise compe-
> tent, relevant and material, there is no valid reason for its
> exclusion.

Appeal from Recorder's Court of Detroit,
Thomas L. Poindexter, J. Submitted June 18, 1975,
at Detroit. (Docket No. 19135.) Decided October 27,
1975. Opinion on rehearing filed January 6, 1976.

Dr. Hugh R. Gunne was convicted of conspiracy
to commit first-degree murder and assault with
intent to commit murder. Reversed and remanded,
65 Mich App 216. On rehearing, the original opin-
ion is vacated and the trial court is affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training, and Appeals, and
*Michael R. Mueller,* Assistant Prosecuting Attor-
ney, for the people.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 118.
29 Am Jur 2d, Evidence §§ 189, 638, 640.

*Barris & Crehan, P. C.* (by *Ivan E. Barris* and *Michael H. Golob)* for defendant.

Before: T. M. BURNS, P. J., and QUINN and M. J. KELLY, JJ.

## ON REHEARING

T. M. BURNS, P. J. Our original opinion in this case is at 65 Mich App 216 (1975). In that opinion we reversed defendant Gunne's conviction for conspiracy to commit first-degree murder and assault with intent to commit murder. We held that a defense witness was improperly impeached by the admission into evidence of a prior inconsistent statement without a foundation first being laid for such impeachment. The prosecutor had in fact asked the foundational questions, but the witness refused to answer them, exercising her Fifth Amendment right against self-incrimination. Our holding, then, was that where a witness has exercised his/her Fifth Amendment privilege against self-incrimination in response to foundational questions put by the prosecutor, it is impossible to lay a foundation properly, and therefore, inconsistent statements cannot be shown.

After our opinion in this case was released, plaintiff sought a rehearing, which we hereby grant. Upon reconsideration of the crucial issue in this cause, we are convinced of the inappropriateness of our previous decision. Our original disposition is vacated and the trial court is affirmed.

*Whether prior inconsistent statements may be introduced into evidence for purposes of impeachment when the witness sought to be impeached asserts her Fifth Amendment rights in response to foundational questions?*

Upon reconsideration of this question, we answer in the positive. The purpose of the rule requiring the asking of foundational questions is to avoid surprise of the witness to be impeached. This purpose is accomplished once the questions are posed.[1] Answers by the witness are not required. He may answer such questions to deny that prior inconsistent statements were made, or he may explain the prior statements in an attempt to nullify or lessen their impeaching nature.

Denial of the admission of impeaching evidence only because the witness does not respond to foundational questions is unwarranted.[2] If the evidence sought to be introduced is otherwise competent, relevant and material, there is no valid reason for its exclusion.

Defendant's argument that the proper solution should have been to strike the witness's testimony on direct examination is forceful, but we are not convinced of the wisdom of adopting such a rule. Once the witness's testimony has been received, the damage, so to speak, has been done. Striking untruthful testimony from the record is easy. Removing the same from one's memory and consideration is not. The purpose of a trial is to bring out all the relevant facts in a case. If proper evidence concerning the incident in question exists, it should be brought out. Showing that a witness may well have lied in his testimony advances the truth far more than removing the former testimony from the case.

The admission of the impeachment evidence was proper. The trial court is affirmed.

[1] *See* Judge KELLY's dissenting opinion in this case, *People v Gunne,* 65 Mich App 216; 237 NW2d 256 (1975). See also 3A Wigmore, Evidence, § 1019, pp 1008–1009 (Chadbourn Rev Ed 1970).

[2] *See People v Smith,* 2 Mich 415 (1852), *Anthony v Cass County Home Telephone Co,* 165 Mich 388; 130 NW 659 (1911).