PEOPLE v BRYANT

1. WITNESSES—CRIMINAL LAW—APPEAL AND ERROR—REBUTTAL WIT-
   NESSES—RES GESTAE WITNESSES—INDORSEMENT.

   A defendant may not raise for the first time on appeal the
   contention that the trial judge erred in allowing the prosecu-
   tion to call as a rebuttal witness the defendant's alleged accom-
   plice in the crime and that the testimony of the alleged
   accomplice constituted testimony which should have been pre-
   sented in the prosecution's case in chief, where the defendant's
   objection at trial went only to the contention that the accom-
   plice was a res gestae witness and should have been indorsed as
   such.

2. HOMICIDE—FELONY MURDER—AIDING AND ABETTING—ARMED ROB-
   BERY—UNARMED ROBBERY—INSTRUCTIONS TO JURY—STATUTES.

   The three prerequisites for proving a charge of felony murder
   are: (1) a homicide; (2) the homicide is murder; and (3) the
   murder occurs in the prepetration or attempt to perpetrate one
   of the felonies enumerated by statute; a trial court's instruction
   to the jury which comports with these elements, while express-
   ing the fact that if a defendant aids and abets in the commis-
   sion of what he thinks is an unarmed robbery he may not be
   acquitted of felony murder simply because the robbery turns
   out to be armed, is not reversibly erroneous even though it
   could have been more clearly stated (MCLA 750.316; MSA
   28.548).

3. JUDGES—DISCRETION—REQUEST BY JURY—EVIDENCE—REREADING OF
   TESTIMONY.

   A trial judge acted within his discretion when the jury asked to
   have a witness's testimony reread to them by asking the jury to
   continue their deliberation for a short time while re-examining

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 708, 713.
[2] 40 Am Jur 2d, Homicide §§ 498, 506, 534, 535.
[3] 76 Am Jur 2d, Trial §§ 1041, 1044.
[4] 40 Am Jur 2d, Homicide § 45.
[5] 40 Am Jur 2d, Homicide §§ 484, 485, 499.

their need for the rereading of testimony and indicating that their request would then be granted if they still felt the rereading was necessary.

4. HOMICIDE—FIRST-DEGREE MURDER—SECOND-DEGREE MURDER—
   LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY—STATUTES.

   The statute which makes a murder committed during the perpetration of a felony murder in the first degree does not exclude lesser degrees if the evidence warrants, and second-degree murder is always a lesser included offense of first-degree murder; therefore an instruction to the jury on second-degree murder is required in a prosecution for felony murder (MCLA 750.316; MSA 28.548).

5. HOMICIDE—FIRST-DEGREE MURDER—SECOND-DEGREE MURDER—IN-
   STRUCTIONS TO JURY—REMAND—CASE PRECEDENT—RETROACTIV-
   ITY.

   A ruling of the Michigan Supreme Court that a trial court must *sua sponte* instruct the jury on second-degree murder in every prosecution for first-degree murder applies to cases tried after January 1, 1976; a case tried before that date in which the defendant requested and was denied an instruction on seond-degree murder also required such an instruction and is remanded for entry of a judgment of conviction of second-degree murder and resentencing, or, if requested by the prosecuting attorney, the judgment and conviction shall be vacated and a new trial granted on the charge of first-degree murder.

Appeal from Kent, Stuart Hoffius, J. Submitted June 3, 1976, at Grand Rapids. (Docket No. 25702.) Decided July 21, 1976.

Marshall J. Bryant was convicted of first-degree murder. Defendant appeals. Remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Harold K. Sawyer,* Prosecuting Attorney, and *Craig S. Neckers,* Assistant Prosecuting Attorney, for the people.

*David A. Dodge,* for defendant.

Before: DANHOF, C. J., and D. E. HOLBROOK and D. L. MUNRO,* JJ.

D. E. HOLBROOK, J. On January 31, 1975 defendant Marshall J. Bryant and a juvenile, Arthur "Buster" Bond, entered the Paiz Food Store. The store was owned and operated for 16 years by Mr. and Mrs. Amancio Paiz in the City of Grand Rapids. Defendant had known Mr. and Mrs. Paiz and had worked for them previously. The two boys remained in the store for roughly one-half hour. After asking for some aspirin, the juvenile "Buster" Bond pulled a .38-caliber pistol and shot Mr. Paiz several times inflicting fatal wounds, while Mrs. Paiz looked on. Mr. Bond then unsuccessfully attempted to open the cash register. The boys then fled. The prosecution offered evidence that the boys had planned to rob the store, the defendant Bryant had shouted, "Shoot 'em", during the robbery and had warned Bond that someone was coming. The defendant maintained he was not a participant in a robbery, that he had previously refused to rob a store, that he, Mr. Bryant, was merely waiting in the store for a bus and that the juvenile, Arthur Bond, had a personal vendetta with Mr. Paiz. Defendant Bryant was tried in Kent County Circuit Court on the charge of first-degree felony murder. MCLA 750.316; MSA 28.548. The jury returned a verdict of guilty on that charge and the mandatory life sentence was imposed. This appeal of right followed. Defendant raises four issues on appeal.

I

Defendant maintains that the trial judge erred by allowing the prosecution to indorse upon the

---

* Circuit judge, sitting on the Court of Appeals by assigment.

information and call as a rebuttal witness Mr. Arthur Bond, defendant's alleged accomplice in the crime charged, and that Mr. Bond's testimony went beyond rebuttal and instead directly supported the prosecution's case in chief.

The record indicates that defense counsel's objection to the prosecution's calling of Arthur Bond as a witness went to defendant's contention that Bond was a res gestae witness and should have been indorsed as such. However, it is one thing for defendant to object to the late indorsement of an alleged res gestae witness, and it is quite another thing for defendant to object during the testimony of an alleged rebuttal witness that the purported rebuttal testimony is in fact exceeding the scope of legitimate rebuttal and constitutes testimony which should have been part of the prosecution's case in chief. The record in the present case fails to reveal any defense objection of the latter type and therefore the trial judge was never called upon to rule on the legitimacy of any portion of Bond's rebuttal testimony.[1] Not having objected at trial, defendant cannot be heard on appeal to raise this belated contention.

## II

Defendant also contends that the following instruction was erroneous, confusing and misleading and denied defendant his right to a properly instructed jury:

---

[1] Furthermore, the record clearly reveals that the defendant had earlier requested a writ of habeas corpus to bring Arthur Bond in for defense counsel's interviewing and possible presentation as defense witness at trial. Defendant was not surprised nor prejudiced by the appearance of Arthur Bond at trial. *People v Utter,* 217 Mich 74; 185 NW 830 (1921), *People v Massey,* 63 Mich App 142; 234 NW2d 432 (1975).

"The mere fact that Marshall Bryant aided and abetted in an armed robbery or an unarmed robbery, though he did not know a gun would be used, would not be a basis for his acquittal if his associate did use a gun without his knowledge."

There are three prerequisites for proving a charge of felony murder: 1) a homicide; 2) that the homicide is murder; and 3) that the murder occurs in the perpetration or attempt to perpetrate one of the felonies enumerated in MCLA 750.316; MSA 28.548, *People v Wimbush,* 45 Mich App 42, 46; 205 NW2d 890, 893 (1973). The quoted instruction does comport with these elements enumerated in *Wimbush.* All that the felony murder statute requires is that a murder occur in the perpetration of or attempt to perpetrate any robbery or larceny. The statute does not distinguish between armed and unarmed robbery in the felony murder context. The trial judge's instruction expressed the fact that if the defendant aided and abetted Arthur Bond in the commission of what defendant thought would be an unarmed robbery, defendant could not be acquitted of felony murder simply because the robbery turned out to be armed instead of unarmed. Although the trial judge's instruction may possibly have been stated with a greater degree of clarity, it was not such as to constitute reversible error.

## III

The defendant also contends that the trial judge erred by refusing to grant the jury's request to have the testimony of the victim's wife reread to them.

We feel that the trial judge did not err by asking the jury to continue deliberation for a short

time while reexamining their need for the rehearing of testimony and indicating to them that if they still felt the rehearing was necessary, it would be granted. This was clearly an exercise within the trial judge's discretion. *People v Howe,* 392 Mich 670, 677; 221 NW2d 350, 353 (1974), illustrates the propriety of this judge's conduct, at least impliedly, by the following statement disapproving the trial judge's actions in that case:

"Returning to the present case we note that the jury asked to rehear the testimony of the only two witnesses to the events surrounding the death of the victim * * * . The trial judge did not indicate that he thought the request was unreasonable. Neither did he ask the jury to resume deliberations with the knowledge that their request would again be reviewed if the jury members continued to find it necessary to rehear certain testimony. See, *Klein v Wagenheim,* 379 Mich 558, 561–562; 153 NW2d 663 (1967), *People v Wright,* 41 Mich App 518, 523; 200 NW2d 362 (1972)."

The trial judge acted well within his discretion and no error was committed.

## IV

The final issue deals with the difficult question of the proper instructions in felony murder cases.

The Michigan Supreme Court has guided trial courts in the recently decided cases of *People v Carter,* 395 Mich 434; 236 NW2d 500 (1975), *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975), and *People v Paul,* 395 Mich 444; 236 NW2d 486 (1975). We believe these cases provide the proper guidelines for the resolution of this case.

*People v Carter, supra,* involved a felony murder case, but the defendants were found guilty of

second-degree murder. *Carter* expressly disapproved of this Court's prior decision in *People v Bufkin,* 43 Mich App 585; 204 NW2d 762 (1972), which had held felony murder does not include second-degree murder nor manslaughter as lesser included offenses. A contrary view was expressed by another panel of this Court in *People v Wimbush,* 45 Mich App 42; 205 NW2d 890 (1973). In *Carter* the Court cited *People v Treichel,* 229 Mich 303, 307–308; 200 NW 950, 951 (1924), as support for its decision: " 'While the statute constitutes murder committed in the perpetration of burglary as in the first degree, it does not exclude all lesser degrees if the evidence warrants.' " 395 Mich 434, 438; 236 NW2d 500, 502. We rule there is no evidence to find the existence of manslaughter and it would appear that there is no evidence of common law second-degree murder. The defendant maintained that he was not part of a robbery scheme and merely was waiting for a bus. The prosecution maintained he was part of the robbery which resulted in the homicide. The case was tried and presented to the jury as an either-or proposition, that is, either defendant was not involved in the robbery and therefore innocent or he was involved in a robbery which resulted in homicide, meeting the requirements of MCLA 750.316; MSA 28.548. However, in *Carter* the Court stated: "We hold that there are lesser included offenses to first-degree felony-murder. Second-degree murder is always a lesser included offense of first-degree murder." 395 Mich 434, 437; 236 NW2d 500, 502. Therefore, a second-degree murder instruction was required although the manslaughter charge was inappropriate. *People v Ora Jones,* 395 Mich 379, 390; 236 NW2d 461, 465 (1975).

In *People v Jenkins, supra,* the Court held that in every first-degree murder case the trial court is

required to instruct *sua sponte* on the lesser included offense of second-degree murder. *Jenkins* was made applicable to all cases tried after January 1, 1976. Therefore, *Jenkins* does not expressly apply to this case. The question therefore is whether the trial judge erred in refusing to instruct, over defendant's objection and request, on the included offense of second-degree murder. *Jenkins* and *Carter* illustrate that the Supreme Court was concerned that the lesser included offense would not be explained to the jury where the facts might warrant it. Therefore, the Court established a prospective rule that instructions will be given *sua sponte.* In the present case the defendant asked for an instruction on second-degree murder which the Supreme Court has held is necessarily included in all first-degree felony-murder cases. *People v Dancer,* 396 Mich 802; 238 NW2d 29 (1976), a case essentially indistinguishable from the instant case, the Supreme Court stated:

"[I]t is ordered * * * that the case be remanded to the Wayne Circuit Court for entry of a judgment of conviction of the lesser included offense of second-degree murder and for resentencing. If the prosecuting attorney is persuaded that the ends of justice would better be served, upon notification to the trial court before resentencing, the trial court shall vacate the judgment and conviction and grant a new trial on the charge the defendant committed the crime of first-degree murder."

In view of the ruling in *Dancer* which we deem to be controlling, we remand to the Kent County Circuit Court for entry of a judgment of conviction of the lesser included offense of second-degree murder and for resentencing. If the prosecuting attorney is persuaded that the ends of justice would better be served, upon notification to the

trial court before resentencing, the trial court shall vacate the judgment and conviction and grant a new trial on the charge that defendant committed the crime of first-degree murder.

Remanded.