PEOPLE v PAGE

OPINION OF THE COURT

1. CRIMINAL LAW—EVIDENCE—LESSER INCLUDED OFFENSES.

Evidence which supports a greater offense will always support a lesser offense where the lesser offense is necessarily included within the greater offense.

2. LARCENY—BREAKING AND ENTERING—LESSER INCLUDED OFFENSES.

Attempted larceny in a building is a necessarily included offense to a charge of breaking and entering with intent to commit larceny.

3. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY—APPEAL AND ERROR.

A trial judge must give instructions to the jury on necessarily included offenses where these instructions are requested by a defendant and a defendant's conviction should be reversed where a trial judge refused to give such instructions.

DISSENT BY D. E. HOLBROOK, J.

4. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO THE JURY—EVIDENCE—APPEAL AND ERROR.

*The duty of a trial judge to instruct the jury on lesser included offenses is determined by the evidence and, if evidence has been presented which would support a conviction of a lesser included offense, refusal to give a requested instruction is reversible error.*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 9.
[3–6] 75 Am Jur 2d, Trial §§ 876–882.
[7] 75 Am Jur 2d, Trial § 617.
[8] 13 Am Jur 2d, Burglary § 69.
[9] 20 Am Jur 2d, Courts §§ 64, 67, 69.
[10, 13] 81 Am Jur 2d, Witnesses §§ 597–599.
[11] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[12] 75 Am Jur 2d, Trial §§ 576–599.
[13] 75 Am Jur 2d, Trial § 906 *et seq.*

5. Criminal Law—Lesser Included Offenses—Instructions to the Jury—First-Degree Murder—Appeal and Error.

A trial judge's failure to instruct the jury on lesser included offenses will not be regarded as reversible error absent a request for such an instruction, with the sole exception of first-degree murder cases.

6. Criminal Law—Lesser Included Offenses—Instructions to the Jury—Maximum Incarceration Period.

A court may not instruct a jury, in a criminal matter, on lesser included offenses for which the maximum allowable incarceration period is one year or less where the charged offense is punishable by incarceration for more than two years.

7. Witnesses—Criminal Law—Instructions to Jury—Cognate Lesser Offenses.

A trial judge should recognize the jury's right to believe or disbelieve any or all of a witness's testimony in determining whether to instruct the jury on a cognate lesser offense.

8. Larceny—Lesser Included Offenses—Burglary—Larceny in a Building—Instructions to Jury—Evidence.

Larceny in a building is not a necessarily included offense in a burglary; therefore a trial judge was justified in not instructing a jury as to larceny or attempted larceny at a defendant's trial on a charge of burglary where there was little, if any, substantive evidence of larceny presented.

9. Courts—Judgment—Supreme Court—Retroactive Effect— Prospective Effect.

Changes in law by the Michigan Supreme Court must only have prospective application where the Court does not declare that the changes are to be applied retroactively.

10. Witnesses—Criminal Law—Evidence—Credibility of Witnesses—Prior Inconsistent Statements—Impeachment.

It is proper for the prosecution to attack a defense witness's credibility by introducing testimony from an investigating police officer as to the witness's prior inconsistent statements made to the officer, and the mere fact that this impeachment occurs through the use of statements concerning the commission of the crime with which the defendant is charged is insufficient to disallow its use as impeachment evidence.

11. Appeal and Error—Issues on Appeal—Preserving Issue—Failure to Object.

An issue may not be raised on appeal where proper objection had not been timely made.

12. CRIMINAL LAW—INSTRUCTIONS TO JURY—DEFENDANT'S THEORY OF THE CASE—REQUEST FOR INSTRUCTION.

*There is a duty for a trial judge to instruct the jury on the defendant's theory of a case only if a proper request is made and it is supported by competent testimony.*

13. WITNESSES—CRIMINAL LAW—INSTRUCTIONS TO JURY—CREDIBILITY OF WITNESSES—LIMITING INSTRUCTIONS—PREJUDICE—PRIOR INCONSISTENT STATEMENTS—APPEAL AND ERROR.

*A trial judge's failure to instruct the jury* sua sponte *that impeachment testimony is to be considered only as affecting the credibility of a defense witness and not as substantive proof of a defendant's guilt is not reversible error where the defendant does not request a limiting instruction and no objection is raised as to the trial court's instructions concerning this testimony, and where there is no demonstration or likelihood of prejudice and neither the court nor the prosecutor has suggested to the jury that the prior inconsistent statement could be used as substantive evidence.*

Appeal from Wayne, Richard D. Dunn, J. Submitted November 4, 1976, at Detroit. (Docket No. 24071.) Decided March 1, 1977.

Richardo Page was convicted of attempted breaking and entering. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Charles P. Kellett,* Assistant Prosecuting Attorney, for the people.

*George Stone,* for defendant.

Before: R. M. MAHER, P. J., and D. E. HOLBROOK and N. J. KAUFMAN, JJ.

R. M. MAHER, P. J. Defendant's conviction of attempted breaking and entering, MCLA 750.110;

MSA 28.305, and MCLA 750.92; MSA 28.287, must be reversed.

Judge HOLBROOK's opinion accurately recites the facts. Our disagreement with his opinion involves the question of instructions on lesser included offenses, specifically the requested instruction on attempted larceny in a building, MCLA 750.360; MSA 28.592, and MCLA 750.92; MSA 28.287.

The common-law test for lesser included offenses required "that the lesser must be such that it is impossible to commit the greater without first having committed the lesser". *People v Ora Jones,* 395 Mich 379, 387; 236 NW2d 461 (1975). The lesser is necessarily included in the greater, and "[i]f the lesser offense is one that is necessarily included within the greater, the evidence will always support the lesser if it supports the greater". *Ora Jones,* 395 Mich at 390.

Three cases are offered to support the proposition that attempted larceny in a building is not a necessarily included offense in a charge of breaking and entering. Two recent decisions of this Court supporting this proposition, *People v Keatts,* 54 Mich App 618; 221 NW2d 455 (1974), *rev'd,* 396 Mich 803; 237 NW2d 474 (1976), and *People v Robert Brown,* 72 Mich App 749; 250 NW2d 522 (1976), both cite to *People v Huffman,* 315 Mich 134; 23 NW2d 236 (1946). But, as Judge BASHARA pointed out in his dissent in *Keatts,* 54 Mich App at 623, *Huffman* only held that a completed larceny in a building is not a lesser included offense of breaking and entering. Judge BASHARA's dissent analyzed the elements of *attempted* larceny in a building and the elements of breaking and entering and correctly concluded that the crime of attempted larceny in a building is encompassed by the crime of breaking and entering:

"Analyzing the elements, the felonious intent is the same, and the overt act can be the breaking and entering. The greater offense is completed upon the breaking and entering, while the lesser upon an overt act." 54 Mich App at 623.

The order of the Supreme Court reversing the decision of this Court in *Keatts,* 396 Mich 803; 237 NW2d 474 (1976), does not disclose whether the Court approved Judge BASHARA's analysis. We agree with his analysis, and view attempted larceny in a building as a necessarily included offense to a charge of breaking and entering with intent to commit larceny.[1]

In *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976), the Supreme Court reversed a conviction for larceny from the person because the trial court refused to give a requested instruction on attempted armed robbery, an offense necessarily included in the charge of armed robbery. The Court in *Lovett* did not explain why it reversed a conviction entered prior to its opinion in *Ora Jones, supra,* on the basis of the pronouncement in *Ora Jones* that requested instructions on necessarily included offenses must be given. *People v Hearn,* 354 Mich 468; 93 NW2d 302 (1958), *People v Stevens,* 9 Mich App 531; 157 NW2d 495 (1968), and a large number of other opinions before *Ora Jones* supported the trial court's refusal to instruct on attempted armed robbery. We feel constrained to follow *Lovett,* and reverse defendant's conviction because the trial court refused to give the

---

[1] An attempted larceny need not be directed at any specific article or property. For example, reaching into an empty pocket may constitute attempted larceny. *People v Jones,* 46 Mich 441; 9 NW 486 (1881). The intent element of attempted larceny in a building is therefore no different than the intent element of breaking and entering with the intent to commit larceny. In neither crime must there be an intent to steal a particular object.

requested instruction on the necessarily included
offense of attempted larceny in a building.

Reversed and remanded.

N. J. Kaufman, J., concurred.

D. E. Holbrook, J. *(dissenting)*. This writer re-
spectfully disagrees with the majority opinion. As
Judge Maher indicates, our disagreement includes
the question of lesser offense instructions. This
writer cannot agree that the trial court committed
error herein by not instructing the jury on a lesser
offense. The law at the time of this trial clearly
indicated that this instruction was not required
when the offense was not supported by the evi-
dence adduced at trial.

On February 26, 1975, defendant was convicted
by a jury of attempted breaking and entering with
intent to commit larceny, MCLA 750.110; MSA
28.305, and MCLA 750.92; MSA 28.287. Defendant
was sentenced to a term of 3 to 5 years. Defendant
appeals as of right.

On the night of December 7, 1974, Livonia police
maintained a surveillance of a Goodyear Tire
Store. This was apparently undertaken because
there had been several breaking and enterings of
this particular store. Shortly after 5 a.m. on De-
cember 8th they observed a blue-green Ford pass
by the store several times. Finally, the car lights
were shut off, the car was pulled into the store
parking lot and then to the rear of the building.
Shortly thereafter the officers heard the unmistak-
able sound of breaking glass. The officers then
drove onto the store premises, parking their car so
as to block one entrance. The officers proceeded
towards the back of the building on foot after
observing one male suspect inside the building. As
the insider attempted to escape, one of the officers

discharged his weapon. This apparently alerted the other two individuals who, according to officers, started their car and began to escape. According to the officers' testimony, they were almost run over but managed to fire several shots into the automobile. The automobile's forward progress was quickly stopped. The three suspects were then apprehended.

At trial the manager of the store testified that he viewed the store shortly after the alleged crime and noticed that one tire had been moved approximately two feet toward a broken window, but that nothing was missing.

At trial the defendant testified that he was having car trouble while attempting to take one of the codefendants herein to the airport. He indicated that he pulled into the parking lot because his car ceased to run. He further testified that Patton, the codefendant who actually "broke in", had left the car to urinate. Patton corroborated this story and indicated that it was his idea to break in and steal the tires. Police officers testified at the trial as to statements given by the defendants which contradicted this testimony.

The trial court instructed the jury only on breaking and entering with intent to commit larceny, MCLA 750.110; MSA 28.305, and attempt, MCLA 750.92; MSA 28.287. Defendant also requested, but was refused, instructions on larceny in a building, MCLA 750.360; MSA 28.592, and attempt, MCLA 750.92; MSA 28.287, and also receiving and concealing stolen property, MCLA 750.535; MSA 28.803, and attempt. A decision of this Court had earlier held that attempted larceny in a building is not a lesser included offense of breaking and entering with intent to commit larceny. *People v Keatts,* 54 Mich App 618; 221

NW2d 455 (1974). The decision in *Keatts* was based on the authority of several Supreme Court cases indicating that larceny is not a lesser included offense. *People v Huffman,* 315 Mich 134; 23 NW2d 236 (1946), *People v Stuart,* 274 Mich 246; 264 NW 359 (1936). The Supreme Court, however, reversed *Keatts* and reinstated the conviction as found by the trial court. 396 Mich 803; 237 NW2d 474 (1976). Apparently this was done on the basis of the Court's recent decision in *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975). The instant decision demands a careful analysis of these decisions. In *Jones,* the Court explained the trial judge's duty to instruct on lesser included offenses.

"The duty of the trial judge to instruct on lesser included offenses is determined by the evidence. *People v Phillips,* 385 Mich 30; 187 NW2d 211 (1971). If evidence has been presented which would support a conviction of a lesser included offense, refusal to give a requested instruction is reversible error. *Id,* at 36. *People v Hamilton,* 76 Mich 212; 42 NW 1131 (1889).

"If the lesser offense is one that is necessarily included within the greater, the evidence will always support the lesser if it supports the greater.

"In the area of 'cognate' lesser offenses, the evidence in each case adduced at the particular trial must be examined to determine whether that evidence would support a conviction of the lesser offense." 395 Mich at 390; 236 NW2d at 465.

Therefore, we must determine if the offenses for which instructions were requested were legally required to be included lesser offenses.

The trial court herein followed established Michigan authority existing at the time of trial. *People v Huffman, supra,* and *People v Stuart, supra.* The

Supreme Court in *Huffman* clearly established
that these two offenses are separate and distinct.

"In the present case it is clear that the offense of
breaking and entering a store building in the nighttime
with intent to commit larceny, as charged in the first
count of the information, is a separate and distinct
offense from that of larceny from a store building, as
charged in the second count. As said in *People v Stuart,
supra,* 'The essential elements of these two statutory
offenses are different'. [274 Mich at 248]." 315 Mich at
139; 23 NW2d at 238.

Summarizing the *present* Michigan law, a fail-
ure to instruct on lesser included offenses will not
be regarded as reversible error (with the sole
exception of first-degree murder cases), absent a
request for such an instruction. *People v Henry,*
395 Mich 367; 236 NW2d 489 (1975). In the recent
case of *People v Ora Jones, supra* (decided Decem-
ber 18, 1975, after the trial herein), our Supreme
Court enlarges the term "lesser included offense"
by defining as such "cognate" offenses. The Court
therein ruled that if evidence is presented which
would support a conviction of a lesser cognate
offense, refusal to give a requested instruction on
such offense is reversible error.[1] In *People v Jones,
supra,* the Court did not rule as to whether it
would be applied retroactively or prospectively and
we, therefore, consider the rule to be prospective
in effect. In any event, the subject claimed "lesser

---

[1] The number of offenses for which instructions may be given was
limited in *People v Chamblis,* 395 Mich 408, 429; 236 NW2d 473, 483
(1975):

"We are establishing a rule today, as a matter of policy, limiting
the extent of compromise allowable to a jury in deciding whether to
convict of a lesser included offense. In any case wherein the charged
offense is punishable by incarceration for more than two years, the
court, whether or not requested, may not instruct on lesser included
offenses for which the maximum allowable incarceration period is one
year or less."

offenses" are at most cognate lesser offenses. As such, it is required that the evidence adduced at trial must be examined to determine whether the evidence would support a conviction of the lesser offense. *People v Ora Jones, supra.* In determining whether to instruct on a cognate lesser offense, the judge should recognize the jury's right to believe or disbelieve any or all of the witness's testimony. *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975). The trial judge herein held under the established law in Michigan at that time that the evidence adduced at trial only supported breaking and entering and attempt and refused requested instructions on receiving and concealing stolen property and larceny from a building as well as attempt of both.

The receiving and concealing charge, as well as attempt thereof, can be readily dismissed. All denied any agreement to steal the tires and all denied any knowledge of Patton's decision to take some tires and put them in the car. The tires did not leave the premises of the store, although one may have been moved two feet. Testimony of Patton indicated that he planned to put them in the car, but that no one knew of these plans. There was no evidence of an attempt or of a completed crime of receiving or concealing stolen property. See *People v Tantenella,* 212 Mich 614; 180 NW 474 (1920), *People v Keshishian,* 45 Mich App 51; 205 NW2d 818 (1973).

As to larceny, we once again must return to *Keatts, supra.* Larceny in a building is not a necessarily included offense in a burglary, but is, at best, a cognate lesser offense. This is consistent with both our decision in *People v Keatts,* and the Supreme Court's decision. The Supreme Court held:

"The Court is of the opinion that the trial court did not err in convicting the defendant, charged with breaking and entering a building with intent to commit larceny (MCLA 750.110 [MSA 28.305]), of the offense of attempted larceny in a building (MCLA 750.360, 750.92 [MSA 28.592; 28.287])." 396 Mich at 803.

We do not know what the facts were in *Keatts.* Our decision had held that it was not a necessarily included offense. The Supreme Court opinion after their decision in *People v Ora Jones, supra,* apparently decided that this was a permissible lesser offense which on the facts justified the instruction. Therefore, in the instant case, if the facts did not justify a jury finding larceny or attempted larceny, the trial court's denial of the requested instruction should be affirmed.

The trial court's determination should be entitled to proper weight when dealing with the sufficiency of the evidence as to a requested instruction. In the instant case, the only evidence of a larceny was movement of a tire two feet.[2] The actor, Patton, denied any connection with defendant Page when he moved the tire. He and defendant Page testified that defendant had no connection with the movement of this tire. Defendant was not in possession of any stolen goods. Some circumstantial evidence may have pointed his way and testimony of the officers was offered to rebut the exculpatory testimony. However, there was little, if any, substantive evidence of a larceny.

[2] We do not know the value of this tire, but suspect it was under $100 and, therefore, could also be a simple larceny misdemeanor, MCLA 750.356; MSA 28.588. Nevertheless, it supplies the intent necessary for the breaking and entering charge, and, furthermore, value is not a required element of a larceny from a building charge. *People v Jackson,* 29 Mich App 654; 185 NW2d 608 (1971), *People v Graves,* 31 Mich App 635; 188 NW2d 87 (1971), *People v Midgyett,* 49 Mich App 663; 212 NW2d 754 (1973), *People v Patricia Williams,* 63 Mich App 531; 234 NW2d 689 (1975).

Under these circumstances, the court was justified in not instructing as to larceny or attempted larceny.

However, if the Supreme Court's decision in *Keatts, supra,* was that larceny in a building is a "necessarily included" offense in a charge of burglary, this constitutes a departure from prior law. This would result in a significant departure from past practice in Michigan. The Michigan Supreme Court has held on several occasions, *People v Huffman, supra,* and *People v Stuart, supra,* that larceny in a building is not a necessarily included offense in a charge of burglary. Furthermore, the law in Michigan has been that to justify an instruction on a lesser included offense, such an instruction will only be given if evidence on the record justifies an instruction on the offense. *People v Phillips,* 385 Mich 30; 187 NW2d 211 (1971), and *People v Hamilton,* 76 Mich 212; 42 NW 1131 (1889). The recent Supreme Court classification of necessarily included offenses and cognate lesser offenses announced in *People v Ora Jones, supra,* particularly when combined with the new standard of sufficiency of evidence which requires instruction announced in *People v Chamblis, supra,* also results in a change in the law. Because these are changes in the law which the trial court could not have foreseen and because these changes occurred without a declaration by the Supreme Court that they are to be applied retroactively, these changes must have prospective effect. See *People v Thomas,* 68 Mich App 302; 242 NW2d 564 (1976), *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971).

Defendant also maintains that the trial court erred by permitting the prosecution to impeach a defense witness by the use of testimony as to prior

inconsistent statements which were offered without adequate foundation. Defendant must realize that by calling a witness he puts the credibility of the witness in issue. Herein it was proper for the prosecution to attack the witness's credibility by introducing testimony from one of the investigating police officers which had the effect of impeaching the testimony of the defense witness, William Patton. *People v George Jones,* 48 Mich App 102; 210 NW2d 145 (1973). The mere fact that this impeachment occurred through the use of statements concerning the commission of the crime is insufficient to disallow its use as impeachment. Apparently defendant contends that this rebuttal exceeded the scope of proper rebuttal and should have been part of the prosecution's case in chief. There being no objection on this basis, defendant cannot now raise this issue. *People v Bryant,* 70 Mich App 279; 245 NW2d 716 (1976).

The foundation questions posed herein were reasonably specific, especially in view of the general nature of the statements attributed to Mr. Patton by the officer. The foundational questioning did not appear to be such as to mislead the witness nor deprive him of a chance to admit, deny or explain the statements. *People v Gunne,* 65 Mich App 216; 237 NW2d 256 (1975), *on reh* 66 Mich App 318; 239 NW2d 603 (1976). Impeachment of this witness through questioning showing a prior inconsistent statement of that witness was proper, a proper foundation was laid.

Defendant also contends that the trial court erred in failing to properly instruct the jury as to the defendant's theory of the case. There is a duty to instruct on the defendant's theory of the case only if a proper request is made and it is supported by competent testimony. *People v McGhee,*

67 Mich App 12, 14, n 1; 239 NW2d 741 (1976), *People v Bates,* 55 Mich App 1; 222 NW2d 6 (1974), *People v Bonello,* 25 Mich App 600; 181 NW2d 652 (1970). The theory of the defense as stated by defendant and Patton was that defendant was merely present and in no way participated in, aided or abetted the commission of the crime. The trial judge instructed the jury on intent, the presumption of innocence and the prosecution's burden of proof beyond a reasonable doubt. The judge further instructed the jury that they had no right to discredit the defendant's testimony merely because he was a defendant, and that if they found it rational, natural and consistent, then defendant's testimony might outweigh the testimony of all other witnesses and be sufficient for the jury to return a verdict of not guilty. Defendant neither requested nor objected to the giving of any instruction covering the theory of the case on which the defense was founded. It would follow that there is no reversible error on this ground.

The final issue again deals with impeachment testimony. In Michigan, evidence of a witness's prior inconsistent statements may be received only for the purpose of impeachment and not as substantive evidence.[3] *Brown v Pointer,* 390 Mich 346; 212 NW2d 201 (1973), *People v Hallaway,* 389 Mich 265; 205 NW2d 451 (1973), *Ruhala v Roby,* 379 Mich 102; 150 NW2d 146 (1967). Defendant maintains that the trial court erred in failing to instruct the jury *sua sponte* that the impeachment testimony was to be considered only as affecting the credibility of the defense witness, herein Patton, and not as substantive proof of defendant's

---

[3] A small but growing number of state jurisdictions permit the use of prior inconsistent statements as substantive evidence and not just for impeachment purposes. *See* Am Jur 2d, FR Evidence, § 801.2, p 94, n 76, and also, FR Evidence, § 801(d)(1)(A).

guilt. In the instant case, defendant did not request a limiting instruction nor did he indicate objection to the trial court's instructions concerning this testimony.

*People v Eagger,* 4 Mich App 449; 145 NW2d 221 (1966), and *People v Lamson,* 22 Mich App 365; 177 NW2d 204 (1970), held that the failure of the trial court to give such an instruction *sua sponte* is reversible error. However, recent cases have tended to disavow these holdings. *People v Coates,* 40 Mich App 212; 198 NW2d 837 (1972), *People v Paul Mathis,* 55 Mich App 694; 223 NW2d 310 (1974), *People v Cox,* 61 Mich App 37; 232 NW2d 188 (1975). The criticism of *Eagger* and *Lamson* in *People v Mathis* is justified, and we should follow *Mathis,* which held:

"Where, as in the case at bar, there is no request for a limiting instruction, where there is no demonstration or likelihood of prejudice and where neither the court nor the prosecutor has suggested to the jury that the prior inconsistent statement could be used as substantive evidence, the trial judge's omission does not require a reversal." 55 Mich App at 697.

In *People v Cox, supra,* at 40, the Court observed that: "Such prejudice is rarely shown." However, the Court reversed on finding: "explicit evidence on the record that the jury was confused as to how the preliminary exam testimony was used." 61 Mich App at 40.

In the instant case, neither at the time the rebuttal testimony was admitted, nor during the instructions to the jury did the trial judge suggest that the statements might be considered as substantive evidence. Also, the prosecution's only reference to the officer's impeachment testimony occurred during closing argument. The inference

from this brief reference was that the officer gave a truthful account of Patton's prior inconsistent statement. This is not the equivalent of saying that the jury should accept the prior statement as true as substantive evidence.

In this case there is no showing on the record that the jury was confused as to the purpose to which the impeaching testimony could be used. Defendant requested no limiting instruction and none was given. There is no showing of any demonstrated or likely prejudice or that the jury was misdirected by judge or prosecutor. The failure to give a *sua sponte* limiting instruction is not, on the record of this case, a ground for reversal.

This writer votes to affirm.